(90 South. 538)

No. 24731.

STATE v. TYLER.

(Jan. 2, 1922. Rehearing Denied Jan. 30, 1922.)

(Syllabus by Editorial Staff.)

1. Criminal law ⚖➙723(3)—Prosecuting attorney's reference in argument to guilty men freed by reasonable doubt held not improper.

In prosecution for embezzlement, prosecuting attorney's statement in argument to jury that, "The Bible says that Saul has slain his thousand and David his tens of thousands; and so the bugaboo 'reasonable doubt' has freed more guilty men than any other one thing under the sun," held not improper.

2. Criminal law ⚖➙1159(2)—Supreme Court will not pass on sufficiency of evidence, where there was evidence of fact essential to conviction.

The Supreme Court will not review the sufficiency of the evidence, if there was any evidence at all of a fact essential to conviction.

3. Embezzlement ⚖➙44(1)—Evidence held to sustain conviction of embezzlement of ring.

Evidence that defendant obtained possession of ring by depositing, as a guaranty that he would return ring, a worthless check, and that he failed to return the ring as promised, held to support conviction for embezzlement.

Appeal from Criminal District Court, Parish of Orleans; N. E. Humphrey, Judge.

James L. Tyler, Jr., was convicted of embezzlement, and he appeals. Affirmed.

Manning W. Heard, Salvador Roccaforte, and Arthur Landry, all of New Orleans, for appellant.

A. V. Coco, Atty. Gen., and Robert H. Marr, Dist. Atty., of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, J. [1] Appellant was convicted of the crime of embezzlement. He relies upon two bills of exception. The first exception was taken to a statement made by the district attorney in his argument to the jury. The statement, as copied in the bill, was:

"The Bible says that Saul has slain his thousand and David his tens of thousands; and so the bugaboo 'reasonable doubt' has freed more guilty men than any other one thing under the sun."

We agree with the trial judge that the argument, or comparison, was not unfair to

the defendant. The purpose was to impress upon the jury that, although the defendant was entitled to the benefit of any reasonable doubt about his guilt or innocence, the jury should not acquit him merely because of a possibility of his being innocent, if, in fact, the evidence did not leave any reasonable doubt that he was guilty. The statement, in substance, that the law which gives the accused in every case the benefit of a reasonable doubt has caused many guilty men to escape punishment, was not a suggestion that the accused in this case was not entitled to the benefit of any such doubt.

[2, 3] The other bill of exception was reserved to the overruling of defendant's motion for a new trial. The motion was founded upon the averment that there was no evidence to support a verdict of embezzlement, and that the verdict was therefore not responsive to the evidence. A transcript of all of the testimony heard on the trial is annexed to the bill. It is not the province of this court to judge of the sufficiency of the evidence, if there was any evidence at all, of a fact essential to a conviction. The record in this case does contain evidence that defendant embezzled a diamond ring, as charged in the bill of information. It is true there is evidence that he obtained possession of the ring by a false pretense, by depositing, as a guaranty that he would return the ring, a check for $500 on a bank in which he had not then and had never had any money. If he had bought the ring for the worthless check, the crime would not have been embezzlement. But that was not the case, according to the evidence. The prosecuting witness testified that defendant borrowed the ring for the avowed purpose of showing it to another party, and promising to return it to its owner at a time and place stated, and that he failed to return the ring.

The verdict and sentence are affirmed.