(100 South. 682)

No. 26330.

### STATE v. FRANQUES.

### In re FRANQUES.

(May 12, 1924. Rehearing Denied June 7, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Larceny ⬗57—Facts held to raise strong presumption of good faith in retaking property sold.**

Where one retaking property held under lease contract did not conceal property, or deny its taking, and did not convert property, but returned it to store selling it, his employer, there arose a strong presumption of good faith in taking property under belief of legal right, which must be repelled by clear and convincing evidence of a dishonest pretense.

**2. Larceny ⬗3(3)—Employé retaking articles held under lease contract not guilty if he believes action legal.**

An employé, who takes property under direction of employer which is held under a lease contract permitting retaking of property on default in payment of installments, is not guilty of larceny, though all installments have been paid, such employé bona fide believing that he has a legal right to take property.

**3. Larceny ⬗70(3)—Instruction as to taking property under belief of right held applicable to facts.**

In a larceny case tried without a jury, request that judge be governed in his charge by proposition that one who in good faith takes another's effects under claim of title in himself or another does not commit larceny, *held* applicable to facts.

**4. Criminal law ⟨key⟩1158(1)—Facts not considered on review for mere purpose of determining guilt or innocence.**

The Supreme Court will not consider facts in any criminal case, either under its supervisory or appellate jurisdiction, for mere purpose of determining whether they show guilt or innocence of an accused, under a bill of exceptions reserved to overruling of motion for new trial based on ground that verdict is contrary to law and evidence.

**5. Criminal law ⟨key⟩1158(1) — Supreme Court will consider question of applicability of charge to facts.**

Where a requested charge is refused on ground it is not applicable to facts, and facts clearly show charge is applicable, ruling is not only erroneous but highly prejudicial and question of applicability becomes question of law in decision of which Supreme Court will review facts for sole purpose of determining such question.

F. Franques was convicted of larceny, and applies for writs of certiorari and prohibition. Conviction and sentence set aside, and case remanded for new trial.

J. Sheldon Toomer, of Lake Charles, for relator.

Griffin T. Hawkins, Dist. Atty., of Lake Charles, for the State.

By the WHOLE COURT.

LAND, J. Relator is indicted for the larceny of one comfort, of the value of $7, the property of Mrs. A. P. Parker. The indictment in the case charges that the accused "did unlawfully steal, take, and carry away" said property, "with the felonious intent to deprive said owner of the ownership thereof, and to convert the same to his (the taker's) own separate use and benefit."

Accused was tried by respondent judge without jury, found guilty, and sentenced to imprisonment in the parish jail for a term of 30 days.

As relator is without remedy by appeal to this court, the sentence imposed upon him being for a term of imprisonment less than 6 months, he has invoked our supervisory jurisdiction in order to obtain the necessary relief.

The sole issue presented to us for decision is a question of law; i. e., whether an accused person, who takes and carries away property under a contract of lease or sale, which permits him to do so, in the event of default of payment on any of its installments, is guilty of larceny. This issue is presented by bill of exceptions reserved to the refusal of respondent judge to be governed in his charge by the well-settled legal proposition that:

"One who in good faith takes another's effects under the claim of title in himself does not commit larceny, *however puerile or mistaken the claim.. And it is the same where the taking is in behalf of another* believed to be the owner." Bishop's New Crim. Law, vol. 2, § 851.

The charge requested by relator was refused by the respondent judge, on the ground that it was not applicable to the facts of the case.

The respondent judge in his return states that:

"Defendant offered the explanation that *he believed he had the right* to take the comfort, because Mrs. Parker *had not fully paid for it*, and that *the contract* in general use in such cases *gave the company or its agent the right to retake goods sold on time*, where there was *a default in any deferred payment*, and that there was *such default in this case.*"

The respondent judge also states in his per curiam to the bill of exception No. 1 that:

"The quilt in this case was sold by an agent of the company on a *'lease contract,' under the printed terms of which right was given to the seller to retake the quilt, without process in the event of a default in payments.*"

He also states in the per curiam to the same bill:

"The evidence offered by defense showed that the *quilt was placed back in stock in the warehouse or store of the company* of defendant, but the date it was so placed there was not shown."

It is true that respondent judge also states that the evidence showed that defendant knew that all of the installments had been paid at the time he took the comfort. Such testimony, however, is contradicted by that of the defendant, who is corroborated by the fact that the record in this case contains only 10 receipts, of 50 cents each showing that only $5 had been paid on the comfort, leaving a balance due of $2.

, "It has been observed with respect to cases where goods have been taken on a claim of right, if there be any fair pretense of property or right of the prisoner, *or if it be brought into doubt at all, the court will direct an acquittal*." Russell on Crimes (9th Ed.) vol. 2, middle of page 164, star page 165.

[1] There was no subsequent attempt by accused to conceal the property, no denial of the taking, but an avowal by accused of the taking under color of title and bona fide claim of right. There was no attempt made by accused to convert the property to his own use. It is conceded that accused returned the comfort to the store of the Price Company, his employer.

These facts necessarily raise a strong presumption of good faith, and must be repelled by clear and convincing evidence of a dishonest pretense on the part of the defendant, at the time of the taking of the comfort, before he can be legally convicted. The fact that the comfort may have been paid for in full does not constitute such proof, when the other facts of the case are considered. Black v. State, 83 Ala. 81, 3 South. 814, 3 Am. St. Rep. 691; McMullen v. State, 53 Ala. 531; Rountree v. State, 58 Ala. 383; Johnson v. State, 73 Ala. 523; McDaniel v. State, 8 Smedes & M. (Miss.) 401, 47 Am. Dec. 93; Woodsides v. State, 2 How. (Miss.) 666; Coffee v. State, 3 Yerg. (Tenn.) 283, 24 Am. Dec. 570; 1 Starkie, Ev. 452.

"If under a color of arrear of rent, though none be actually due, I distrain or seize my tenant's cattle, this may be a trespass, *but is no felony*.". 1 Healy, P. C. 506.

So, in the present case, if the comfort had been paid for at the time of the taking, such taking, being under color of right, and without animo furandi, may be unlawful as a trespass, but does not constitute larceny, because of the absence of the specific intent to convert the property to the use of the taker.

"The mere unlawful taking and carrying away of property of another is not larceny, unless it is done with a criminal intent, or animo furandi. Even though the taking away is without the owner's consent, and with intention of converting the property, the act will not be larceny, unless it is done with intent to steal. * * *" McClain's Crim. Law, vol. 1, § 564, p. 568.

"One who takes goods under the authority of another, in the *bona fide* belief that he is authorized, or that his principal is entitled, is not guilty of larceny, *although the belief is mistaken*." 25 Cyc. 49 et seq., verbo "Larceny."

"*Taking by direction of another*, believing the article to belong to such other, does not constitute larceny." State v. Matthews, 20 Mo. 55; Dean v. State, 41 Fla. 291, 26 South. 638, 79 Am. St. Rep. 186.

"If the taking is under a bona fide belief on the part of the person taking that he has a right to the property, the act will not constitute larceny, *although the belief is unfounded*. Even if the facts would not, if true, justify the taking, *nevertheless, if they give rise to a belief on the part of defendant that he has a legal right to the property, they will disprove the crime of larceny*." McClain, Crim. Law, vol. 1, § 565.

[2] The facts in this case disclose that the taking of this property was under the direction of the Price Company, his employer, and under a "lease contract" with Mrs. Parker, permitting said company and its agents to retake the property, in the event of failure on the part of the lessee or purchaser to pay each installment when falling due.

[3, 4] Relator was therefore entitled to the charge requested, as said charge was applicable to the facts of the case. However, we will not consider the facts in any criminal case, either under our supervisory or appellate jurisdiction, for the mere purpose of determining whether they show the guilt or

the innocence of an accused, under a bill of exceptions reserved to the overruling of a motion for a new trial, based upon the ground that the verdict is contrary to the law and the evidence.

[5] But in a criminal case, where a requested charge is refused by a trial judge on the ground that it is not applicable to the facts, and the facts clearly show that the charge is applicable, the ruling of the trial judge is not only erroneous, but is highly prejudicial to the accused, and the question of the applicability of the charge to the facts becomes a question of law, in the decision of which we will review the facts for the sole purpose of determining such question.

It is therefore ordered that the conviction and sentence be set aside, and that this case be remanded to the lower court for a new trial.