(104 So. 746)

No. 27019.

### STATE v. REYNOLDS et al.

(March 30, 1925. Rehearing Denied May 25, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors  236(19)—Facts held to furnish reasonable inference of manufacturing liquor.**

Showing that two persons, one carrying sack of sugar and other a sack of shorts, were apprehended 20 steps from still, which was fully equipped for manufacture of liquor, and at which there were four barrels of mash, while two days previous there had been five, and that they ran when confronted by officers, *held* to raise reasonable inference that they were manufacturing liquor.

2. **Criminal law  1158(1)—Evidence not considered on review for mere purpose of determining guilt or innocence.**

On appeal from motion for new trial, based on ground that conviction was not supported by evidence, Supreme Court will not review testimony merely to determine whether it is sufficient to prove guilt.

3. **Criminal law  1158(1), 1159(2)—Sufficiency of proof must be determined by jury, or district judge trying case without jury.**

Effect of evidence and sufficiency of proof must be determined by jury, or district judge in cases triable by him without intervention of jury, giving such weight and credit to testimony as it may be entitled to receive, in consideration of all facts and circumstances of case.

Appeal from Fourth Judicial District Court, Parish of Lincoln; S. L. Digby, Judge.

Hob Reynolds and another were convicted for manufacturing liquor for beverage purposes, and they appeal. Affirmed.

J. W. Elder, of Farmerville, and Dhu Thompson, of Ruston, for appellants.

Percy Saint, Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro, for the State.

ROGERS, J. The two defendants were convicted and sentenced on a charge of manufacturing liquor for beverage purposes. There are six bills of exception in the record.

The trial was before the judge without a jury. At the conclusion of the state's case, defendants, without offering any evidence whatever, requested certain special charges which were refused. A motion for a new trial was also denied. These rulings of the trial judge form the basis of defendants' bills. Attached to the motion for a new trial is a transcript of the testimony.

[1] The sole issue presented by the bills

of exception is whether certain established facts were sufficient to justify a conviction for the offense charged. These facts are that the defendants, on the day set forth in the information, were approaching a still in the woods, one of them carrying a sack of sugar and the other a sack of shorts, and when they had reached a point within 15 or 20 steps of the still, they were confronted by the officers, and the defendants ran; that at the still, which was fully equipped for the manufacture of liquor, there were four barrels of mash, while some two days previous there had been five barrels of mash at the same place.

Defendants' contention is that the possession of all the necessary paraphernalia and ingredients for the manufacture of whisky and the intention to manufacture whisky, where there was no actual carrying into effect of the intention, does not constitute a violation of the laws of the state.

[2] We cannot review the testimony attached to the motion for a new trial, which was based on the ground that the judgment of conviction was contrary to the law and the evidence, for the purpose of determining its sufficiency to prove the guilt of the defendants. State v. Franques, 156 La. 462, 100 So. 682. See, also, State v. Gani, 157 La. 231, 102 So. 318.

The special charges were refused by the trial judge on the general ground that they were charges covering questions of fact, and not questions of law, and encroached upon the right of the court to believe or disbelieve the facts as stated, and to weigh them in connection with other facts and circumstances.

We do not find any error in the rulings of the court. Each of the facts and circumstances set forth in the bills of exception was relevant and admissible, and, if nothing more, afforded a reasonable inference of defendants' guilt of the act charged. In its last analysis, therefore, the case presents only questions of fact which it is sought to have this court review under the guise of requesting the district judge to charge himself as to what facts are sufficient to justify a conviction.

[3] The effect of the evidence and the sufficiency of the proof must be determined by the jury, or by the district judge in cases triable by him without the intervention of a jury. In reaching a conclusion, the jury or the judge, as the case may be, must give such weight and credit to the testimony as it may be entitled to receive, after considering all the facts and circumstances connected with the case. When this has been done, and a verdict of guilty has been found by the jury, or a judgment of guilty has been pronounced by the judge, this court is without power to review such verdict or judgment on appeal. State v. Bush, 156 La. 973, 101 So. 382; State v. Gani, 157 La. 231, 102 So. 318.

The cases of State v. Franques, 156 La. 462, 100 So. 682, and State v. Dunnington, 157 La. 369, 102 So. 478, are cited on behalf of defendants.

In State v. Franques no question of the insufficiency of the evidence was involved. The clear-cut issue of law presented was whether an accused person who took and carried away certain personal property under a contract of lease or sale permitting him to do so, in default of payment of any of its installments, was guilty of the crime of larceny.

The bill of exception and the per curiam of the judge in State v. Dunnington disclosed all the facts connected with the incidents out of which the charges against defendants were formulated. As stated by the court, on page 481 of the opinion, "there is a total absence of a scintilla of evidence, there is lacking a single fact, to show that the defendants" were in any manner guilty

of the offense with which they were charged. The question there was not as to the sufficiency of the evidence to convict the defendants of the crime charged, but whether the defendants could be legally convicted without any evidence at all of a particular element of the crime charged. "This," said the court, on page 481 of the opinion, "presents purely a question of law of which this court has jurisdiction."

For the reasons assigned, the conviction and sentence appealed from are affirmed.