(104 So. 366)

No. 27104.

## STATE v. DAVIS.

(April 27, 1925.)

*(Syllabus by Editorial Staff.)*

Criminal law ⚖══1158(1)—Supreme Court is without jurisdiction to inquire into findings of trial judge as to guilt or innocence of accused.

The sufficiency of evidence to convict is peculiarly within the province of the trial judge in cases triable before him, and the Supreme Court is without jurisdiction to inquire into his findings.

Appeal from Twenty-First Judicial District Court, Parish of Tangipahoa; Columbus Reid, Judge.

Ashton Davis was convicted of transporting intoxicating liquors for beverage purposes, and he appeals from the conviction and sentence. Affirmed.

Ellis & Ellis, of Amite, and Robert M. McGehee, of Hammond, for appellant.

Percy Saint, Atty. Gen., A. L. Ponder, Jr., Dist. Atty., of Amite, Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans of counsel), for the State.

THOMPSON, J. From a conviction and sentence for transporting intoxicating liquors for beverage purposes, the defendant appeals. He has filed no brief and has made no appearance in this court.

We find only one bill of exception in the record, and it was reserved to the overruling of a formal motion for a new trial based on the ground that the conviction was contrary to the law and the evidence.

The bill of exception recites what purports to have been the evidence introduced on the trial of the case, and we are asked to review the said facts and to find that the guilt of the accused was not sufficiently established thereby.

This we must decline to do. The sufficiency of the evidence to convict is peculiarly within the province of the trial judge in cases triable before him, and this court is without jurisdiction to inquire into his finding. This has been so frequently announced that citation of authority seems hardly necessary. We will quote, however, from the syllabus of State v. Franques, 156 La. 462, 100 So. 682, as the latest expression of this court on the subject:

"The Supreme Court will not consider facts in any criminal case, either under its supervisory or appellate jurisdiction, for mere purpose of determining whether they show guilt or innocence of an accused, under a bill of exceptions reserved to overruling of motion for new trial based on ground that verdict is contrary to law and evidence."

The conviction and sentence are affirmed.