(104 So. 747)

No. 27100.

## STATE v. BRAZZEL et al.

(April 27, 1925. Rehearing Denied May 25, 1925.)

*(Syllabus by Editorial Staff.)*

Criminal law ☞1159(2)—Supreme court cannot pass on sufficiency of testimony to support conviction.

 Supreme court cannot pass on sufficiency of testimony to support conviction.

Appeal from Third Judicial District Court, Parish of Lincoln; S. D. Pearce, Judge.

Jim Brazzel and others were convicted of unlawfully manufacturing intoxicating liquor for beverage purposes and they appeal. Affirmed.

Elder, Thompson & Digby, of Farmerville, for appellants.

Percy Saint, Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro, for the State.

ROGERS, J. The defendants, three in number, were convicted and sentenced on a charge of unlawfully manufacturing intoxicating liquor for beverage purposes. An additional fine was imposed upon defendant Jim Brazzel, as he had been previously convicted of a similar offense. The present appeal is prosecuted by all the defendants.

The evidence in the case was reduced to writing and is in the transcript. At the conclusion of the evidence, and before judgment, counsel for defendant requested the trial judge to charge himself in accordance with certain special charges which were submitted in writing. The seven bills of exception in the record were taken to the refusal of the judge to comply with said request.

As all these bills refer to the same subject matter, it is unnecessary to consider them separately. The sole purpose of the requested charges, which the bills of exception have brought before us for review, is to have this court pass upon the sufficiency of the testimony on which the judgment of conviction was pronounced. This we are unable to do. State v. Tyler, 150 La. 132, 90 So. 538; State v. Rogers, 152 La. 906, 94 So. 439; State v. Franques, 156 La. 462, 100 So. 682; State v. Bush, 156 La. 973, 101 So. 382; State v. Gani, 157 La. 231, 102 So. 318; State v. Reynolds (La.) 104 So. 746, No. 27019,[1] recently decided.

For the reasons assigned, the convictions and sentences appealed from are affirmed.

―――――

(104 So. 747)