(104 So. 317)

No. 27137.

## STATE v. FONTENOT.

(April 27, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⊕➞121(4)—Allegation in bill of particulars as to date of offense held sufficient.

Under indictment for possessing intoxicating liquor for beverage purposes, bill of particulars stating date of offense as that "charged in bill of information," was sufficient, and defendant was not prejudiced, where state was confined in its evidence to date charged in information.

2. **Indictment and information** ⊕➞121(4)—Bill of particulars held to sufficiently allege place of possession of liquor.

Under indictment for possession of liquor for beverage purposes, bill of particulars alleging that liquor was possessed in a field on defendant's premises near his home in parish of Allen was sufficient allegation as to locus of offense.

3. **Criminal law** ⊕➞1159(2)—Supreme Court cannot review sufficiency of evidence to prove defendant's guilt.

The Supreme Court cannot review the evidence for purpose of determining its sufficiency to prove guilt of defendant.

Appeal from Fourteenth Judicial District Court, Parish of Allen; Jerry Cline, Judge.

Gayson Fontenot was convicted of unlawfully possessing intoxicating liquor for beverage purposes, and appeals. Affirmed.

Mark C. Pickrel, of Oakdale, for appellant.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles, Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans, of counsel), for the State.

ROGERS, J. Defendant was charged, convicted, and sentenced for unlawfully possessing intoxicating liquor for beverage purposes, and has appealed. Two bills of exception appear in the record.

Bill No. 1. Defendant, in a motion for a bill of particulars, requested to be informed of the date and place of the offense, the amount and alcoholic content of the liquor, and whether his alleged possession was actual or constructive.

The state, in its answer to the motion, furnished all the information asked for, with the exception of the alcoholic content and the nature of the possession. The liquor was shown to have been whisky and the date was given as the date alleged in the bill of information.

In this court the only complaint made on behalf of defendant is that the state failed to furnish the exact date upon which defendant was charged with having possessed the liquor, and also failed to furnish the exact place other than it was in defendant's field.

[1] The record shows that the state was confined in its proof to the date set forth in the bill of information. In his per curiam the trial judge states:

"The bill of particulars gave the date 'as charged in the bill of information.' No evidence was offered by the state as to any other date than the evening of the day named, and, if offered, would not have been received by the court. Defendant's evidence referred to the same date. He was not injured in making his defense, even if the bill of particulars should otherwise be held to be insufficient."

We think the date was sufficiently alleged. Defendant certainly was not predjudiced, since the state was confined in its evidence to the date charged in the information. State v. De Arman, 153 La. 345, 95 So. 803.

[2] In response to the demand in the bill of particulars that the place where the liquor was possessed by defendant be set forth, the state answered that it was in a field on defendant's premises near his home in the parish of Allen.

We think this informed defendant with reasonable definiteness as to the alleged locus of the offense, and was sufficient to enable

him to make his defense with reasonable knowledge and ability.

Bill No. 2. Defendant moved for a new trial, on the ground that the verdict was contrary to the law and evidence. The motion was refused. The bill sets forth certain facts upon which it is averred defendant was improperly convicted.

The trial judge in his per curiam shows that the statement of fact in the bill is incomplete; that there was evidence which convinced him beyond a reasonable doubt that the defendant was in possession of intoxicating liquor as charged.

[3] This court is powerless to review the evidence for the purpose of determining its sufficiency to prove the guilt of the defendant. State v. Tyler, 150 La. 132, 90 So. 538; State v. Rogers, 152 La. 906, 94 So. 439; State v. Franques, 156 La. 462, 100 So. 682; State v. Bush, 156 La. 973, 101 So. 382; State v. Gani, 157 La. 231, 102 So. 318; State v. Reynolds (No. 27019) 104 So. 746, post, p. 869, recently decided.

For the reasons assigned, the conviction and sentence appealed from are affirmed.