(106 So. 302)

No. 27296.

STATE v. WATSON et al.

(Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Jury** ⟨═⟩107—Juror who stated he would not believe accused as witness held competent in view of test questions.

A juror who stated he would not believe accused as any other witness *held* competent, in view of evident mistake in understanding question and his statement on test questions by court that he would follow the law.

2. **Criminal law** ⟨═⟩366(3) — Testimony of state's witness as to prosecuting witness' relation of details of crime day after its commission inadmissible as res gestæ.

In prosecution for assault with intent to rape testimony of state's witness, who testified as to prosecutrix's relation to her of the details of the crime the day after its commission, was inadmissible as part of res gestæ, where prosecutrix had already made complaint to another and her testimony was in.

3. **Criminal law** ⟨═⟩1111(3)—Supreme Court must accept facts as being correctly set forth in note of evidence when reduced to writing as provided by statute.

In prosecution for assault with intent to rape, where facts upon which bill of exceptions was reserved were reduced to writing, as provided by Act No. 113 of 1896, Supreme Court must accept them as being correctly set forth in the note of evidence.

4. **Witnesses** ⟨═⟩318—Testimony of witness as to prosecutrix's relation of details of crime day after its commission inadmissible as corroborative of prosecutrix, where latter not impeached at time.

In prosecution for assault with intent to rape, where state's witness testified as to prosecutrix's relation to her of details of crime the day after its commission, *held*, such evidence was not admissible as corroborating testimony of prosecutrix, where admitted when state was making out case, and before defense had been heard, and defendant had not impeached, or had opportunity to impeach, prosecuting witness.

5. **Witnesses** ⟨═⟩311—How impeachment of witnesses may be accomplished stated.

The actual impeachment of a witness is accomplished by witnesses or by documentary evidence affecting his or her credibility or proving contradictory statements made by said witness.

6. **Criminal law** ⟨═⟩1111(5)—Where there is conflict between bill, per curiam of judge, and statement taken down by clerk, latter is controlling.

Where there is conflict between bill, per curiam of judge, and statement taken down by clerk, latter is controlling.

7. **Witnesses** ⟨═⟩379(2)—Error not to permit defense counsel to lay foundation for impeaching witness who intimated in testimony that accused wanted him to testify falsely.

In prosecution for assault with intent to rape, where witness for state intimated in testimony that defendant approached him with view to have him testify falsely as to prosecutrix's character, *held*, it was error not to permit defense counsel to ask such witness if he had not stated to another that he had had intercourse with prosecuting witness; such question laying foundation to impeach such witness in case it was necessary to do so.

8. **Criminal law** ⟨═⟩656(8)—Error for court in response to question of prosecuting attorney to say there was no evidence before him of prosecutrix's character.

In a prosecution for assault with intent to rape, *held*, that it was error for court, in response to question of prosecuting attorney made during course of his argument, to say there was no evidence before him of character of prosecuting witness, being an expression of opinion on facts of case.

9. Criminal law ⬡673(2), 1122(5)—Court's per curiam held not to show he gave instruction requested; charge that testimony of person to whom complaint made after assault is not to be regarded as independent testimony, but only to support testimony of prosecuting witness, should have been given.

In prosecution for assault with intent to rape, requested instruction that testimony of person to whom complaint made by prosecutrix after assault is not to be regarded as independent and original testimony to establish guilt of accused, but only to support testimony of prosecutrix, should have been given or covered by general charge, and court's per curiam that court gave such charge as covered every point necessary for the case did not show court had given the charge requested either literally or substantially.

10. Criminal law ⬡1159(2)—Facts will not be reviewed for mere purpose of determining whether or not defendant is guilty of offense with which charged.

Argument of defense counsel that evidence set forth in motion for new trial which was incorporated in transcript did not justify conviction, and that therefore a question of law is presented to the reviewing court, without merit, for court will not review facts to determine whether or not they were sufficient to prove defendant guilty of offense with which he is charged.

Brunot, J., dissenting in part.

Appeal from Ninth Judicial District Court, Parish of Grant; R. C. Culpepper, Judge.

Hugh Watson was jointly indicted with Mann Walker for the crime of assault with intent to rape. On trial without his codefendant, the defendant Watson was convicted, and he appeals. Reversed and remanded for new trial.

C. H. McCain and J. W. Ethridge, both of Colfax (Overton & Hunter, of Alexandria, of counsel), for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ROGERS, J. The defendant Hugh Watson was jointly indicted with one Mann Walker for the crime of assault with intent to rape. He was tried without his codefendant, was convicted, and sentenced to the penitentiary for a period of not less than two nor more than three years. This appeal is from said conviction and sentence. Appellant relies upon five bills of exception and an assignment of errors which he has filed in this court.

The errors assigned on the face of the record are:

(1) That it fails to show that an indictment was returned against the appellant.

(2) That it fails to show that appellant was ever arraigned.

(3) That it fails to show the presence of the appellant during the progress of his trial.

By a writ of certiorari a supplemental transcript was prepared by the clerk of the district court and filed in this court. This supplemental transcript contains the minutes of the district court which were omitted from the original transcript. These minutes show affirmatively that the grand jury returned a valid indictment against the appellant, and that he formally waived arraignment and pleaded not guilty. This effectively disposes of the first and second of the alleged errors set forth in the assignment.

On September 28, 1925, the district attorney took a rule contradictorily with the appellant to correct the minutes of the district court in order to have said minutes show that appellant was present in court throughout his trial. Upon the trial of this rule appellant testified that he was absent from the courtroom during the time the prosecutrix was testifying when she was recalled by the state. The trial judge, however, evidently disbelieving this testimony, refused to permit the minutes to disclose the absence of the appellant during a part of his trial, and ordered them corrected so as to show his actual presence in court during the entire progress of the trial. Appellant excepted to this ruling, and reserved a bill. A supplemental

transcript showing the proceedings and the corrected minutes was filed in this court on October 7, 1925. This brings before us the third alleged error set forth in the assignment. However, we do not find it necessary to pass upon the question as thus presented, since we have reached the conclusion that the case must be disposed of on other grounds.

Subsequent to the filing of the original transcript in this court appellant presented a petition in which he alleged that his counsel, pursuant to the provisions of Act 113 of 1896, had caused the clerk of the district court to take down the facts upon which bills of exception were reserved, as well as the rulings of the court thereon, for the purpose of attaching a certified copy thereof to the bills, and that the said note of objections and rulings had been omitted from the transcript. Attached to the petition was a prayer for an order directing the clerk to transmit a copy of the missing notes of evidence and bills of exception in order that they might be added to the transcript which was lodged in this court. The order was issued as prayed for, and a certified copy of the notes and bills has been filed as a part of the record.

[1] Bill of Exception No. 1. The error complained of in this bill is that the judge held to be competent as a juror one J. A. Walker, who, on his voir dire examination, stated that he would not believe the accused as any other witness. The juror was challenged for cause by counsel for the defendant, who exhausted all of his challenges before the jury was finally selected.

From the statement per curiam of the trial judge the juror appears not to have understood the purport of the question which elicited the answer complained of. The court explained to him the right of the accused to testify in his own behalf, or not, as he should elect; that his failure to testify could not be construed against him; and that, if he took the stand, his testimony should be considered as that of any other witness. After this explanation, the judge tested the juror; the result of the test showing that the juror would give the accused a fair and impartial trial, and that he would be guided by the law and the evidence, disregarding any previously formed opinion or ideas held by him. In view of the statement of the trial judge and the answers of the juror when he fully understood the question propounded to him we do not find any merits in defendant's objection.

[2, 3] Bill of Exception No. 2. This bill was reserved to the ruling of the court admitting over defendant's objection, the testimony of Annie Mott, a state witness, who was permitted to testify as to the details of the alleged crime as related to her by the prosecuting witness the day following the commission of the offense. The prosecuting witness had previously testified that on the night before, shortly after the alleged attack upon her, she went to the home of a Mr. Hart, and made complaint to Mrs. Hart, and the said Mrs. Hart also testified fully as to the statement made to her at that time by the prosecutrix.

The record shows a variance between the statements in the bill of exception and the statement per curiam of the judge. The bill recites that the testimony of the witness was offered by the state as part of the res gestæ. The per curiam sets forth that it was offered, not only as part of the res gestæ, but also as corroborative of the previous testimony of the prosecutrix who had been impeached while on cross-examination by the defense.

The note of evidence which was taken down upon the trial of the case, and which is in the record attached to the bills of exception, shows that the state offered the evidence in question as part of the res gestæ, and that the court held it to be admissible upon that ground. The facts upon which the bill of ex-

ception was reserved having been reduced to writing as provided by Act No. 113 of 1896, we must accept them as being correctly set forth in the note of evidence.

As we view the issue, however, it is unimportant whether the evidence was admitted solely as part of the res gestæ, or for that reason, and also because it tended to corroborate the testimony of the prosecuting witness. The statements by the prosecutrix to Annie Mott were made the day after the alleged offense was said to have occurred. They could not, in the very nature of things, be said to have been made spontaneously or to have been provoked by the assault. The prosecutrix made her first complaint to Mrs. Hart as soon as she met her the night before shortly after the alleged crime was committed. The testimony was clearly not a part of the res gestæ, and the trial judge erred in admitting it as such. See State v. Cole, 145 La. 900, 83 So. 184.

[4, 5] Nor do we think the testimony was admissible at the time it was offered for the purpose of corroborating the testimony of the prosecutrix. The trial judge states that he admitted it for that purpose because her testimony had been impeached by defendant's counsel upon cross-examination.

The testimony of the witness Annie Mott appears to have been offered while the state was making out its case against the appellant before his defense had been heard. The statements of the witness, therefore, could not have been received for corroborative purposes, because the prosecutrix, at the time the testimony was given, had not only not been impeached, but the defendant had not had an opportunity to impeach her. The cross-examination of the prosecutrix by the counsel for the defendant as to the details of her complaint to Mrs. Hart and as to whether she had not made inconsistent statements to various defense witnesses did not constitute an impeachment of her testimony.

The most that can be said of this cross-examination is that it was conducted with a view of laying the foundation for such impeachment. The actual impeachment of a witness is accomplished by witnesses or by documentary evidence affecting his or her credibility or proving contradictory statements made by said witness.

[6, 7] Bill of Exception No. 3. There is a conflict between the bill, the per curiam of the judge, and the statement taken down by the clerk. Construing them together, and giving due consideration to the statement of the clerk as controlling where there is a conflict, we find that defendant's complaint is based upon the proposition that, after a witness for the state, one Cline, had testified that the defendant had approached him with a view of having him testify as to the character of the prosecutrix, intimating that defendant wanted him to testify falsely, the witness was asked by counsel for defendant if he had not told a certain Mr. Johnson that he had had intercourse with the prosecutrix. This question was objected to by the attorney for the state on the ground that it was irrelevant, and, if for the purpose of impeachment, it was not pertinent, and was collateral and called for an incriminating answer. This objection was sustained by the court, and the testimony was excluded. We think the court erred in its ruling. It was undoubtedly prejudicial to the defendant to permit the witness to testify in a manner to lead the jury to believe that he was manufacturing evidence and had sought to induce the witness to aid him in this undertaking by giving perjured testimony in his behalf. The effect of the testimony was to reflect unfavorably, not only upon the testimony of the defendant himself, but also upon the testimony of all the witnesses produced on his behalf. The question as propounded indicates an intention to have placed Johnson on the stand to contradict the testimony of Cline, in

the event he should have denied making the statement. Defendant was laying the foundation to impeach the witness in the event it became necessary to do so. He had the legal right to do this, and by the exclusion of the testimony he was denied the exercise of that right. Marr's Crim. Jur. p. 750; State v. Lewis, 44 La Ann. 958, 11 So. 572.

[8] Bill of Exception No. 4. We think this bill shows reversible error. The bill recites, among other things which we deem unnecessary to mention, that the district attorney in the course of his argument to the jury asked the court if there was any evidence before him of the character of the prosecutrix, and in reply the court answered in the presence of the jury that there was no such evidence. In his per curiam the trial judge denies he made the statement attributed to him, but the clerk's note of evidence, which we must accept as being correct and controlling, supports the recitals of the bill as we have set them forth. The statement, as it appears in the note of evidence, was a comment upon the facts, amounting to a conclusion reached by the judge and expressed by him to the jury. This was contrary to the rule of the law forbidding the judge to express an opinion on the facts of the case.

[9] Bill of Exception No. 5. Defendant complains of the refusal of the trial judge to give the following special charge which he was requested to do, viz.:

"The testimony of a person to whom complaint has been made in an offense of assault with intent to rape by the prosecutrix is not to be regarded as independent and original testimony to establish the guilt of the accused, but only to support the testimony of the prosecutrix."

The judge in his per curiam justifies his refusal to give the requested charge on the ground that the special charge was asked for after he had given his general charge, which charge was full and complete, and covered all of the points necessary in the case. We have no means of ascertaining what was contained in the general charge since it was given orally. It is to be observed that the trial judge does not state that the requested charge, either literally or substantially, was incorporated in his general charge. His statement is merely that he gave such charge as in his opinion covered all points necessary for the case. It is reasonable to conclude that he did not satisfactorily cover the rule of evidence set out in the requested charge, else that charge would not have been asked for at the conclusion of the general charge. The judge should have given the charge requested, or he should have covered it in his general charge and clearly shown in his per curiam that he had done so.

[10] The motion for a new trial, which was overruled, occupies several pages of the transcript. It contains a recital in detail of the facts as defendant claims they were developed on the trial of the case, and his counsel argue that the evidence as thus set forth did not justify defendant's conviction, and that, therefore a question of law is presented which is reviewable by this court. There is no force in the argument, and the contention is unsound. If all the facts of the case were before us, which they are not, we would not review them merely to determine whether they were sufficient to prove defendant guilty of the offense with which he is charged. State v. Reynolds, 158 La. 869, 104 So. 746.

For the reasons set forth in our discussion of bills of exceptions Nos. 2, 3, 4, and 5, the verdict and sentence appealed from are set aside, and the case is remanded to the district court for a new trial.

OVERTON, J., recused.

BRUNOT, J., dissents as to finding on bills 2 and 4, and concurs in other rulings.

THOMPSON, J., concurs in decree.