329 So.2d 738 (1976)
STATE of Louisiana
v.
Melvin WHITE.
No. 57179.
Supreme Court of Louisiana.
March 29, 1976.
*739 Michael S. Wolf, Frank W. Middleton, III, J. Clayton Johnson, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., James E. Boren, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Melvin White was charged and convicted of the attempted simple burglary of a small grocery store in Baton Rouge. Following the imposition of a four and one-half year sentence, he appeals to this Court, arguing that his two bills of exception require reversal of his conviction.

BILL OF EXCEPTION NO. 1.
Defendant White argues that the statements he made to the arresting officer immediately after his arrest were not given voluntarily and were not given after proper *740 Miranda warnings, facts which made their admission into evidence error.
The statements in question were made to the arresting officer, John Dillon, in the following circumstances. In the early morning hours of February 6, 1974, a silent alarm was activated at Ragusa's Superette, and two Baton Rouge police officers were dispatched to the scene. They separated on arrival in order to circle the building from opposite directions. As one of the officers, Thomas Varnado, approached the back of the building, he saw several people attempting to enter a rear window from which an air conditioner had been removed. Because his access to the people was blocked by a wire fence, Officer Varnado was unable to capture them. But he did identify himself as a policeman and called for them to halt. The people fled. The other policeman, Officer Dillon, rounded the opposite rear corner of the building and pursued the fleeing men. After chasing the man closest to him (who later proved to be defendant White) for about three hundred years, the officer overtook the man when he stumbled over some construction materials. A brief scuffle ensued. Officer Dillon hit the defendant about the legs with his shotgun and knocked him down; then he threw down the shotgun and the two men wrestled until Dillon subdued and handcuffed the defendant. Dillon testified that, after being given his Miranda warnings, defendant White told him that he had been offered a chance to make some easy money by pushing an air conditioner out of a window. Dillon testified that White admitted that the group had been trying to get into the window but had not been successful. White was arrested for attempted simple burglary.
Defendant White does not argue that the blows the officer gave him were more forceful than necessary to subdue him in order to make the arrest. Nor does defendant argue that the purpose of the blows (or beating) was to elicit a statement from him. Defendant does argue that the beating he received when he was apprehended rendered his later oral statement to the officer involuntary because even a beating justified under the circumstances has the effect of coercing a defendant's confession.
It is well settled that, before a defendant's inculpatory statement can be admitted into evidence, the state is required to prove beyond a reasonable doubt that the statement was given freely and voluntarily and that the Miranda warnings had been given. La.R.S. 15:451; State v. Peters, 315 So.2d 678 (La.1975); State v. Sims, 310 So.2d 587 (La.1975); State v. Skiffer, 253 La. 405, 218 So.2d 313 (1969). Once a trial judge has determined that the state has met its burden of proof, his decision is entitled to great weight on review. State v. Hall, 257 La. 253, 242 So.2d 239 (1970) and cases cited therein.
There is evidence in this record to support the trial judge's finding. Officer Dillon testified that after defendant had been subdued and handcuffed he was led to a street lamp where Dillon read him his Miranda rights. Dillon testified that the defendant was asked whether he understood his rights and he signified that he did. Dillon questioned defendant who then made the disputed statements. Dillon testified that he had not threatened defendant with any violence nor made him any promises to elicit his statements. Defendant White, on the other hand, testified on the predicate that he was not read his rights until he arrived at the police station and that he would not have said anything to Dillon if he had not been struck. However, White did not say that the beating exceeded that necessary to subdue him, or that he was in fear or pain after the beating (although he did say that he had a headache), or that he thought that the officer hit him in order to elicit any statements from him.
We have analyzed a similar record wherein we found that the state had carried its burden of proving that the *741 statement was made voluntarily and after proper Miranda warnings in State v. Kemp, 251 La. 592, 205 So.2d 411 (1968). In that case defendant had been captured after a warning shot had been fired some fifty feet from him. After he was captured, defendant made an inculpatory statement which was admitted into evidence. The trial court's decision was upheld on review because this Court was persuaded that there was no showing that the statement, which defendant denied he even made, was involuntary.
Article I, § 16 of the Louisiana Constitution provides that "No person shall be compelled to give evidence against himself." This provision suggests that no form of compulsion, whether or not it was intended to coerce a confession, will be tolerated. But there must still be an element of compulsion in order to render a statement involuntary. We do not find that the force used here compelled defendant's statement, rendering it involuntary.
The only other testimony on the subject of the voluntariness of the statements was defendant's testimony at the motion to suppress that he was "high" on alcohol at the time he made the statements. But he further testified that he was not drunk and that he understood what was happening. To render a confession inadmissible, a defendant's intoxication must be of such a nature as to negate his comprehension and render him not conscious of what he is saying. State v. Green, 282 So.2d 461 (La.1973). By defendant's own admission, he was sober enough to make a voluntary confession.
The fact that an officer had to use force to subdue an arrestee is certainly an element which the judge should consider on the question of voluntariness. Other evidence, however, may well convince the judge beyond a reasonable doubt that the statement nonetheless was voluntary. In light of the fact that the force used to subdue the defendant was neither excessive nor designed to compel a confession, we hold that the trial judge's decision was not erroneous.

BILL OF EXCEPTION NO. 2.
Defendant argues that the trial judge erred when he overruled defendant's motion for a mistrial. The ground for defendant's motion was that a portion of the judge's charge to the jury constituted an improper comment on the evidence. The trial judge had made this statement to the jury:
"Now, I will also instruct you that flight, if established by the evidence, is a circumstance which may tend to prove guilt in some cases and which may be considered by the jury together with all the other circumstances established by the evidence. You may give it whatever weight, if any, that appears to be proper in considering it together with all of the other evidence and circumstances in the case."
Defendant argues that when the judge stated that flight "is a circumstance which may tend to prove guilt" he was recapitulating evidence to the prejudice of defendant in violation of C.Cr.P. art. 806, and that declaration of a mistrial was therefore required under C.Cr.P. art. 772.
Article 806 of the Code of Criminal Procedure provides that:
"The court shall not charge the jury concerning the facts of the case and shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted."
If the judge's instructions had included a comment on the evidence, then a mistrial would certainly be required by Article 806. State v. Brevelle, La., 270 So.2d 852 (1972) and cases cited therein. If the judge's charge recapitulates the evidence, or repeats to the jury the testimony of any *742 witness, or offers an opinion as to what facts have been proved or disproved, then the charge has been considered error, mandating a mistrial. See State v. Green, 231 La. 1058, 93 So.2d 657 (1957); State v. Watson, 159 La. 779, 106 So. 302 (1925); State v. Davis, 140 La. 925, 74 So. 201 (1917); State v. Markham, 15 La.Ann. 498 (1860). Here, however, the trial judge merely instructed the jury on the applicable law; those instructions, although pertinent to the case at hand, did not focus on the particular facts of the case. The judge did not recapitulate the evidence, nor repeat the testimony of any witness, nor offer any opinion as to what facts, if any, had been proved. Furthermore, the charge was a correct statement of the law. State v. Lane, 292 So.2d 711 (La.1974).
The trial judge's instructions on the subject of flight did not constitute a comment on the evidence in violation of C.Cr.P. art. 806.
Accordingly, the conviction and sentence of Melvin White for the crime of attempted simple burglary is affirmed.
MARCUS, J., concurs.