MARCUS, Justice.
Ronald Smith was indicted by the grand jury for the Parish of Orleans for the crime of first degree murder in violation of La. R.S. 14:30. After trial by jury, he was found guilty as charged and was sentenced to death. On appeal, defendant relies on four assignments of error for reversal of his conviction and sentence.[1]
We have reviewed the record and find no merit to defendant’s assignments of error. Accordingly, we affirm his conviction.
After defendant was sentenced in this matter, the United States Supreme Court in Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), held unconstitutional Louisiana’s mandatory death sentence for first degree murder. In accordance with that decision, this court has vacated death sentences in first degree murder cases but, when no other reversible error has been found, we have remanded the cases to the trial court for resentencing of defendants to the most severe valid penalty established by the legislature for criminal homicide at the time of the offense. State v. Sheppard, 350 So.2d 615 (La.1977); State v. Williams, 343 So.2d 1026 (La.1977); State v. Jenkins, 340 So.2d 157 (La.1976); State v. Clark, 340 So.2d 208 (La.1976). In the instant case, the crime was committed on January 25, 1974. The most severe valid penalty for criminal homicide applicable on that date was the penalty for second degree murder, life imprisonment at hard labor without eligibility for parole, probation or suspension of sentence for a period of twenty years. Accordingly, even though we affirm the conviction, we vacate and set aside the imposition of the death penalty and remand the case to the trial court for resen-tencing.
DECREE
For the reasons assigned, defendant’s conviction is affirmed, but the death sentence imposed on him is annulled and set aside, and the case is remanded to the district court with instructions to the trial judge to sentence defendant to imprisonment at hard labor for life without eligibility for parole, probation or suspension of sentence for .a period of twenty years.

. Defendant has neither briefed nor argued Assignment of Error No. 2. Therefore, we consider this assignment of error to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).