354 So.2d 517 (1978)
STATE of Louisiana
v.
Cleve BOLTON.
No. 60288.
Supreme Court of Louisiana.
January 30, 1978.
*518 John M. Lawrence, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., John N. Gallaspy, Second Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant Cleve Bolton was charged by bill of information with the offense of armed robbery. After trial before a jury he was found guilty as charged and sentenced to serve twenty-five years imprisonment at hard labor. Five arguments on assignments of error are urged by defendant for the reversal of his conviction.
*519 During the evening of August 23, 1973, Raymond Mattox and Jimmy Martin were approached by a young boy as they were on their way to a Bogalusa bar. The boy asked for a dollar and offered to arrange dates for Mattox and Martin. They declined the offer and went on their way. Later in the evening they were approached a second time by the young boy and this time they agreed to meet the women. The two women soon arrived, got into Mattox' pickup truck and suggested that they all go to a nearby ball park. The men agreed so they drove to the ball park and stopped in the middle of the field. The women got out of the truck, yelled and ran. When Mattox and Martin got out of the truck they found that they were surrounded by other men. Mattox was shot in the neck by one of these men and testified that his wallet, watch and keys were taken from him. Mattox also stated that the defendant was the one who shot him and that he had seen the defendant earlier in the evening in a pool hall. Several days after the incident the defendant turned himself in to the police and was subsequently charged with armed robbery.

Assignments of Error Nos. 2 and 6
Through Assignment No. 2 defendant argues that the trial court erred (1) in denying his motion for a change of venue and (2) in allowing the State to use its peremptory challenges to excuse only black prospective jurors. Assignment No. 6 was taken to the denial of a motion for a new trial based on the use of the peremptory challenges.

(1) Change of Venue
Defendant contends that the trial court erred in not holding a contradictory hearing on the motion for a change of venue. Defendant argues that by referring the motion to the voir dire of the jury, he was denied the right to call independent witnesses to demonstrate the community prejudice.
The record does not support defendant's contentions. On the morning of the first day of trial the defendant made an oral motion for a change of venue. The trial court, in a commendable exercise of its discretion, allowed the motion to be filed in spite of the defendant's failure to comply with the procedural requirements of C.Cr.P. 621. Defense counsel was then allowed to introduce evidence in support of the motion. The only witness called was the defendant who stated that "I've lived a fast life in my past and I don't think that the peoples (sic) of this parish will give me a fair trial." After hearing the testimony of the defendant the court referred the motion to the voir dire. The defendant failed to either object to the procedure or indicate to the court that he desired to call other witnesses in support of the motion. He cannot now be heard to complain of an issue that he failed to bring to the attention of the trial court. C.Cr.P. 841. It does not appear from the record that the trial court erred in denying the motion for a change of venue. See State v. Bell, 346 So.2d 1090 (La.1977); State v. Madison, 345 So.2d 485 (La.1977); State v. de la Beckwith, 344 So.2d 360 (La.1977).

(2) Peremptory Challenges
Defendant contends that the trial court erred in overruling an objection made to the State's use of its peremptory challenges. He argues that the State used the challenges to exclude only blacks and thus prevented the defendant from obtaining a fair and impartial jury.
In order to demonstrate a denial of due process through the State's use of peremptory challenges, the defendant must show a historical pattern of exclusion. State v. Rhodes, 351 So.2d 103 (La.1977); State v. Trudell, 350 So.2d 658 (La.1977); State v. Johnson, 343 So.2d 155 (La.1977); State v. Bennett, 341 So.2d 847 (La.1977); State v. Haynes, 339 So.2d 328 (La.1976). The minute entries in the present case indicate that thirty-one prospective jurors were called, ten of whom were black and that two blacks actually served on the jury. The defendant failed to make the requisite showing.
These assignments are without merit.

*520 Assignment of Error No. 3

On the morning of trial defendant filed a motion for a continuance so that he could secure retained counsel. This assignment was taken to the denial of that motion.
The record reflects that the defendant filed an affidavit of indigency on August 12, 1976. On November 24, 1976 defendant's first appointed attorney withdrew so that the defendant could be represented, as requested on September 22, 1976, by public defender Herb Alexander. Defendant's trial began on January 3, 1977.
Because the defendant had over four months after he executed the affidavit of indigency in which to retain counsel and because he waited until the morning of trial to move for a continuance, it is clear that the trial court did not abuse its discretion in denying the motion for a continuance. State v. Hopkins, 351 So.2d 474 (La.1977); State v. Hegwood, 345 So.2d 1179 (La.1977); State v. Austin, 258 La. 273, 246 So.2d 12 (1971).
This assignment is without merit.

Assignment of Error No. 4
During his opening statement the prosecuting attorney stated ". . . we will also propose to introduce evidence that Bolton later fled from the courtroom, that he fled from here." Defense counsel immediately objected and moved for a mistrial. This assignment questions the denial of that motion.
The statement made by the prosecuting attorney apparently is in reference to the failure of the defendant to appear on January 9, 1975, the original date set for trial. Defendant's bail bond was revoked on January 21, 1975 and he was subsequently picked up in San Francisco on July 30, 1976.
Evidence of flight at the time of arrest is generally admissible as relevant to show consciousness of guilt. See State v. Smith, 351 So.2d 1191 (La.1977); State v. Davies, 350 So.2d 586 (La.1977); State v. White, 329 So.2d 738 (La.1976); State v. Brown, 322 So.2d 211 (La.1975); State v. Lane, 292 So.2d 711 (La.1974). When flight takes place after arrest but prior to trial, the same rule obtains, provided there is a sufficient connection between the flight and the prosecution. State v. Neal, 231 La. 1048, 93 So.2d 554 (1957); State v. Croxton, 173 La. 699, 138 So. 513 (1931); United States v. Myers, 550 F.2d 1036 (5th Cir. 1977); United States v. Serio, 440 F.2d 827 (6th Cir. 1971) cert. den. 404 U.S. 838, 92 S.Ct. 129, 30 L.Ed.2d 71; United States v. Crisp, 435 F.2d 354 (7th Cir. 1970) cert. den. 402 U.S. 947, 91 S.Ct. 1640, 29 L.Ed.2d 116; State v. Wilcynski, 111 Ariz. 533, 534 P.2d 738 (1975); People v. Terry, 2 Cal.3d 362, 85 Cal.Rptr. 409, 466 P.2d 961 (1970) cert. den. 406 U.S. 912, 92 S.Ct. 1619, 32 L.Ed.2d 112; Johnson v. State, 312 A.2d 630 (Del.1973); People v. Gary, 42 Ill.App.3d 357, 1 Ill.Dec. 135, 356 N.E.2d 135 (1976); State v. Collett, 542 S.W.2d 783 (Mo.1976); State v. Andrial, 150 N.J.Super. 198, 375 A.2d 292 (1977); Commonwealth v. Graham, 375 A.2d 161 (Pa.Super.1977); Chappie v. State, 528 S.W.2d 62 (Tenn.App.1975); Hodge v. State, 506 S.W.2d 870 (Tex.Cr.App.1974); State v. Piche, 71 Wash.2d 583, 430 P.2d 522 (1967); McCormick, § 271 (2d Ed.); 2 Wigmore, § 276 (3d Ed.); 2 Underhill's Criminal Evidence, § 373 (5th Ed.).
From the record before us it appears that the only charges pending against the defendant at the time he fled the jurisdiction of the trial court were those arising out of this single incident. The defendant had been released on bail prior to his flight. Thus the inferred consciousness of guilt was not blurred by other factors, such as other criminal charges or an inability to cope with the rigors of prison life, which might have encouraged the defendant to flee. While we are not convinced of the validity of the inference in all cases of post-arrest flight, we cannot say that the evidence in the present case was so prejudicial as to require a reversal of the conviction.

Assignment of Error No. 5
Defendant contends that the trial court erred in overruling objections made to the State introducing into evidence (1) defendant's *521 testimony at a previous trial and (2) minute entries concerning the failure of the defendant to appear at his earlier trial and the bond forfeiture hearing.

(1) Defendant's Testimony
Defendant argues that the testimony given at an earlier trial of one of his partners in the offense should not have been admitted because it was inculpatory and the State failed to establish that it was given voluntarily. The argument is without merit. The record reflects that the defendant was fully advised of his rights by his attorney and by the court prior to giving the testimony. The State satisfied its burden of establishing the voluntariness of the confession. State v. Cobbs, 350 So.2d 168 (La.1977); State v. Schamburge, 344 So.2d 997 (La.1977); State v. Bias, 337 So.2d 426 (La.1976).

(2) Minute Entries
The minute entries were introduced by the State to show defendant's flight from the jurisdiction. (See discussion of Assignment No. 4). Defendant argues that the minute entries reveal multiple docket numbers and therefore informed the jury of other charges pending against the defendant. The other charges were apparently those arising out of the same criminal incident. Further, the reference to the "other offenses" was so oblique that the defendant was certainly not so prejudiced as to require a reversal of his conviction.
For the reasons assigned, defendant's conviction and sentence are affirmed.