BRUNOT, J.
 

 The accused in this case was charged with a violation of the Hood Act (Act No. 39 of 1921 [Ex. Sess.]), viz. with
 
 *905
 
 unlawfully manufacturing intoxicating liquor for beverage purposes. In a motion for a bill of particulars tbe accused asked to be informed as to the time and place tbe alleged offense was committed and tbe kind and quantity of liquor manufactured. In response to tbe motion for a bill of particulars tbe district attorney answered that tbe kind of liquor manufactured was “corn whisky,” and that the time and place of manufacture were fully set forth in tbe indictment. Tbe court held this answer sufficient. Tbe ruling is correct. State v. Lewis, 105 So. 243, 159 La. 109.
 

 Counsel for tbe accused requested tbe trial judge to charge himself that certain facts bad been established in tbe case and that these facts entitled tbe accused to an acquittal. Tbe judge declined to give tbe requested charge for reasons tbe pertinent part of which are as follows:
 

 “Answering defendant’s discussion of facts, will say that tbe proof was sufficient to convince the court beyond a reasonable doubt of the guilt of the accused. The court refused to charge as to what facts were proved or not proved,. in the case, * =s * but tbe court offered to file a written charge to himself as to the law in the case, but the same was not requested by counsel for defendant.”
 

 In proper cases, and upon timely request, tbe judge is required to charge himself the law applicable to tbe case. Tbis was done.
 

 From tbe record it appears that tbe trial judge had before him evidence tending to establish tbe essential averments of tbe indictment, and that this evidence convinced him beyond a reasonable doubt of tbe guilt of the accused. We are not concerned with tbe sufficiency of the evidence, for, in criminal cases, our jurisdiction is limited to questions of law alone. In State v. Reynolds, 104 So. 746, 158 La. 869, tbis court said:
 

 “Each of the facts and circumstances set forth in tbe bills of exception was relevant and admissible, and, if nothing more, afforded a reasonable inference of defendants’ guilt of the act charged. In its last analysis, therefore, the case presents only questions of fact which it is sought to have this court review under the guise of requesting tbe district judge to charge himself as to what facts are sufficient to justify a conviction.”
 

 We find no error in, tbe record which will warrant us in disturbing the verdict and sentence in tbis case. Therefore tbe judgment and sentence are affirmed.