88 So.2d 660

**STATE of Louisiana**

**v.**

**Lionel Andrew DOMINGUEZ.**

**No. 42668.**

May 7, 1956.

Rehearing Denied June 11, 1956.

Eugene Stanley, John N. McKay, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., Michael E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Adrian G. Duplantier, 1st Asst. Dist. Atty., Edward A. Haggerty, Jr., Asst. Dist. Atty., New Orleans, for appellee.

PONDER, Justice.

The defendant was charged in a bill of information with "the crime of gambling as defined in LSA–R.S. 14:90 in that he did unlawfully and intentionally conduct and directly assist in conducting, as a business, at Treme and St. Peter Streets, in the City of New Orleans, of a lottery, whereby a person risked the loss of a thing of value in order to realize a profit." On trial he was convicted and sentenced to pay a fine of $500 and serve one year in the Parish Prison and in default of payment of fine to serve an additional six months in the Parish Prison. He has appealed from this conviction and sentence.

During the course of the trial, counsel for the defendant reserved twelve bills of exception. Four bills of exception, bearing Nos. 1, 2, 5, and 6, have been abandoned. Bills of exception Nos. 3 and 4 involved the same legal point and will, therefore, be considered together.

Bills of Exception Nos. 3 and 4 were reserved to the overruling of the defendant's objection to the introduction of certain lottery paraphernalia taken from the person of Wilbur Pollard at the time of his arrest. Counsel contends that the lottery paraphernalia was not connected with the defendant.

[1] Counsel for the defendant concedes that knowledge and intent forms an essential part of the inquiry and that testimony is admissible to show the conduct or

declarations of the accused as tend to establish such knowledge and intent and that evidence of other acts is admissible for that purpose but that evidence of other acts is not admissible to prove the offense charged.

The trial judge in his per curiam points out that Wilbur Pollard was arrested on August 13, 1954, on the date the defendant was charged with having committed the offense, with this lottery paraphernalia in his possession; that Pollard was charged with this same offense of gambling, pleaded guilty to the charge and was sentenced; that it was proved beyond a reasonable doubt that Pollard was an employee and vendor of lottery for the defendant; that defendant's bookkeeper and his tax consultant identified the paraphernalia as that used in the defendant's business; and that the connection between the defendant and Pollard was established by them. The trial judge's per curiam is supported by the record in this case. While Pollard was charged in a separate bill of information, the facts show that he was assisting the defendant in the operation of the business of gambling. Therefore, they were connected offenses and the evidence was admissible.

We see no merit in these bills.

Bill of Exception No. 7 was taken to the refusal of the trial judge to charge himself in writing as provided for under R.S. 15:389.

It is the contention of the defendant that this provision of the Revised Statutes applies to a trial by the judge alone as well as to trial by jury.

LSA–R.S. 15:389 provides as follows:

"The judge shall deliver his charge in writing, whenever requested so to do either by the prosecution or the defense prior to the swearing of the first witness."

LSA–R.S. 15:391 provides as follows:

"Every objection to the charge given, or to a refusal to charge as requested, or to a refusal to give the charge in writing, shall be by means of a bill of exceptions reserved before the jury shall have retired to deliberate upon their verdict, and the bill of exceptions shall be accompanied by such a statement of facts as shall show the error in the charge given, or in the refusal to charge as requested, or that the request to give the charge in writing was refused."

LSA–R.S. 15:393 provides as follows:

"Whenever a case shall be tried before a judge without the intervention of a jury it shall be competent for counsel on each side to present to the court for its consideration propositions in the same manner as charges would be presented were the case tried by the jury, and counsel shall have the right to demand the ruling of the court on such propositions, and to reserve bills of exceptions to such rulings in the

same manner as would be done were the case tried before a jury."

It is to be noted that in the Code of Criminal Procedure, before adoption as part of the Revised Statutes in 1950, that Articles 383 to 393 inclusive are in the chapter entitled "Charging the Jury". The argument is made by defendant that if Article 389 is not interpreted so as to apply to cases triable by the judge alone that he is deprived of a fundamental right. This argument is answered by the provisions of Article 393 which sets out that when cases are triable by the judge without the intervention of jury each side may present to the court for its consideration propositions in the same manner as charges and this article expressly gives the right to demand a ruling thereon and reserve bills of exceptions to such rulings.

Defendant relies upon the language in State v. Nash, 160 La. 904, 107 So. 616, 617 to the effect that "In proper cases, and upon timely request, the judge is required to charge himself the law applicable to the case." We have no quarrel with this statement, in fact it is in accord with the provisions of Article 393 of the Code of Criminal Procedure, LSA–R.S. 15:393.

Certainly the judge is presumed to know the law and, if the defendant has any doubts about the court's interpretation of legal propositions, the procedure set out in LSA–R.S. 15:393 affords adequate relief. This was recognized in the case of State v. Rose, 147 La. 243, 84 So. 643.

The case of State v. Johnson, 154 La. 597, 598, 97 So. 874, relied upon by the defendant, is not authority for his position since therein a request was made for a written opinion and any language referring to a written charge is purely dicta.

It must be concluded, therefore, that the defendant's request for a written charge was properly refused.

■ Bills of Exception Nos. 8, 9 and 10 were reserved when the trial judge refused to grant certain special charges. Bill of Exception No. 8 was taken to the refusal to give Special Charge No. 2 which defined what constituted a lottery. Bill of Exception No. 9 was taken to the refusal to give Special Charge No. 3 which set out the elements of a lottery and that an actual award had to be made. The refusal to give these charges is based on the fact that the defendant was charged with the crime of gambling and not with the conducting or operation of a lottery as a crime. See State v. Mills, 229 La. 758, 86 So.2d 895, and State v. Callia, 229 La. 796, 86 So.2d 909.

■ Bill of Exception No. 10 was taken to the refusal to grant the second part of Special Charge No. 5 which in substance states that the State would be required to establish the guilt beyond a reasonable doubt and prove beyond a reasonable doubt every necessary ingredient necessary to constitute a lottery before the court would be justified in finding the defendant guilty.

As stated in the per curiam of the trial judge, the defendant was charged with the crime of gambling and it was not necessary for the State to prove every ingredient relating to lottery before the court could find the defendant guilty. See State v. Mills, supra and State v. Callia, supra.

▪ Bill of Exception No. 11 was taken to the refusal of the trial judge to charge himself as follows:

"Special Charge No. 7.

"The general rule of law forbids the introduction of evidence which will show, or tend to show, that an accused has committed any crime wholly independent of that offense for which he is on trial.

"However, [LSA–]R.S. 15:446 provides:

" 'Whenever knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.'

"In considering this character of evidence the Court must not lose sight of the limited purpose for which it is permitted, and the court must remember that the accused is on trial for only one offense, that laid down in the information. Proof of other offenses, if connected with the accused, is permitted solely for the purpose of showing guilty knowledge, system and intent. In consequence, therefore, the State must have proved the guilt of the accused of the offense charged in the Information beyond a reasonable doubt, before the Court would be justified in finding the defendant guilty.

"In other words, should the State have proved beyond a reasonable doubt several or any of these offenses inquired into for the purpose of showing guilty knowledge, system and intent, and yet have failed to prove guilt beyond a reasonable doubt of the offense for which defendant is upon his trial, the Court should find the defendant not guilty."

The refusal of the trial judge was based on the ground that although the legal propositions were correct yet they required some qualification, limitation and explanation and were based on hypothetical argumentative and abstract situations and that in certain particulars the charge had no applicability to the evidence before the court. In this the trial judge was correct and his ruling thereon will not be disturbed. LSA–R.S. 15:390.

Defense counsel points out that the trial judge refused to take notice of the provi-

sions of LSA–R.S. 15:446 in introducing evidence tending to show the commission of other offenses. But this Court in the case of State v. Mills, supra, held that such evidence as was introduced here is admissible to show continuity of the gambling as a business.

■ Bill of Exception No. 12 was taken to the refusal of the court to grant a new trial. This motion is a reiteration of the legal points raised in the bills of exception already discussed and the further allegation is made that there is no evidence at all to support this conviction. This too was already passed upon by this Court in the case of State v. Mills, supra, and it was therein held that this bill presents issues which this Court will not review as the contentions of the defendant fall within the sufficiency of evidence rule.

For the reasons assigned, the conviction and sentence are affirmed.

HAWTHORNE, Justice (dissenting in part).

I cannot agree with the ruling of the majority of the court on Bill of Exception No. 7. I do not subscribe to the holding that the mandatory provisions of Article 389 of the Code of Criminal Procedure, R.S. 15:389, are applicable only to criminal cases triable before a jury.

The law on this subject before the adoption of the Code of Criminal Procedure in

1928 was Section 28 of the Revised Statutes of 1870, as follows:

"*In all cases appealable to the Supreme Court,* it shall be the duty of the judge *to deliver his charge to the jury* in writing, if the counsel of either party require the same." (Italics ours.)

The present law, Article 389 of the Code of Criminal Procedure, reads:

"The judge shall deliver his charge in writing, whenever requested so to do either by the prosecution or the defense prior to the swearing of the first witness."

It is therefore obvious that the redactors of this Code intended that this law should no longer apply only to cases *appealable to the Supreme Court* or to charges *delivered to the jury,* but intended it to apply to all criminal cases whether felonies or misdemeanors. Certainly the statute itself makes no distinction between cases triable by a judge and those triable before a jury, and in my opinion the omission from the present law of the provisions which I have italicized in quoting the statute of 1870 is significant.

The jurisprudence is legion that the provisions of these statutes are mandatory, and that the refusal of the judge to comply with them by giving a written charge when requested is fatal to the verdict. See State v. Rini, 151 La. 163, 91 So. 664, and cases there cited; State v. Wilson, 169 La. 684, 125 So. 854.

I dissent.