299 So.2d 906 (1974)
STATE of Louisiana In the Interest of Michael SIMMONS.
No. 4606.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1974.
*907 Donald J. Richard, Opelousas, for plaintiff-appellant.
Earl B. Taylor, Opelousas, for defendant-appellee.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
The appellant, Michael Simmons, was committed to the Juvenile and Young Adult Program in Lafayette after a finding that he had committed two acts of theft.
Appellant, through counsel, contends that the juvenile court erred in two particulars which require reversal. These specifications are: (1) that the court received a written report containing hearsay and opinion evidence at or prior to the adjudicatory hearing which was prejudicial to the appellant; and (2) that the juvenile court erred in its application of the circumstantial evidence rule.
Considering the specifications of error in reverse order, we will comment briefly *908 that, after carefully reviewing the record, we find no basis for the second specification of error.
The argument is based on LSA-R. S. 15:438 which provides:
"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
Appellant contends that under the statute, the juvenile judge did not properly reach a conclusion of guilt in this case. We do not agree with counsel's interpretation of the record. We find it clear from the remarks of the juvenile judge in stating his reasons for judgment that he found guilt, in his words, "beyond any doubt" (TR. 108) which has the same meaning in our opinion, as the phrase of the statute, "exclude every reasonable hypothesis of innocence."
More serious is the first specification of error. There appears in the record a letter under date of December 14, 1973, some three pages in length, addressed to the juvenile judge who heard and decided appellant's case, which is signed by a state probation officer. This letter constitutes a detailed statement of the investigation of the case by the probation officer and includes, among other things: a report of what the juvenile had to say about the events; and a report of what the witnesses Patty Fontenot and Keith Fontenot, clerks in the stores from which the tape players were alleged to have been stolen, had told the probation officer.
Additionally, on page 3, the letter reported to the judge an entirely separate incident which occurred in the Opelousas Police Station. The letter reported that a small black youth was in the police station in the presence of the probation officer, and that the desk sergeant told the probation officer that the boy had been asking about appellant and had wanted to know if the police were still looking for the other two boys who were with him when he took the tape player. The probation officer further reported that the desk sergeant said that, when the boy was informed that the probation officer might want to speak to him concerning this offense, the boy ran out of the station. It was further reported that the youth who had been making the inquiry was apprehended by the police and questioned later by the probation officer.
It must be concluded that this report which was filed in the record and addressed to the juvenile judge prior to the adjudication of appellant's case contains hearsay and other inadmissible information. Some of the statements contained in the report are without doubt prejudicial to the appellant and are suggestive of his guilt.
Where commitment, that is, the deprivation of a youth's liberty, results from a court procedure, we hold that his statutory and constitutional rights must be observed. One of these is that the adjudication of guilt of an offense, which would be criminal if he were an adult, must be based on admissible evidence constituting proof beyond a reasonable doubt. LSA-R.S. 13:1579.1; In re State in Interest of Taylor, 255 So.2d 361 (La.App. 1 Cir. 1971); State in Interest of Ogletree, 244 So.2d 288 (La.App. 4 Cir. 1971); State in Interest of Simon, 295 So.2d 473 (La.App. 3 Cir. 1974).
The report[1], containing hearsay, opinion, and otherwise inadmissible evidence *909 is in the record. Absent any contrary indication we must conclude that whatever is in the record was considered by the juvenile judge. Since the report contains inadmissible and prejudicial evidence, the proceeding is stricken with nullity and the commitment must be set aside.
While we are certain that the juvenile judge did his utmost to avoid consideration of the information in this report in considering the guilt or innocence of appellant, we think it is error for such a report to be received by the trier of fact. In re State in Interest of Elliott, 206 So.2d 802 (La.App. 2 Cir. 1968); State in Interest of Brecheen, 264 So.2d 779 (La.App. 1 Cir. 1972); writ refused, 262 La. 1175, 266 So. 2d 450; State in Interest of Simon; 295 So.2d 473 (La.App. 3 Cir. 1974); Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
In addition to the jurisprudential authorities cited, we note that LSA-R.S. 13:1579(A) now provides that the rules of evidence of civil proceedings are to be used in a proceeding to determine delinquency. This is a change in the statute which, prior to the amendment, provided that hearsay and opinion evidence could be received in a delinquency hearing. This statutory change reinforces our conclusion that the receipt and consideration of a report containing prejudicial hearsay information violated the rights of appellant.
For the reasons assigned, it is therefore ordered, adjudged and decreed that the commitment of Michael Simmons be and it is hereby annulled and set aside.
Commitment annulled and set aside.
DOMENGEAUX, J., dissents and assigns written reasons.
DOMENGEAUX, Judge (dissenting).
I find no difficulty in concluding that this juvenile proceeding was for a probation violation. The petition unquestionably alleges that ". . . he violated his probation status by committing the following acts . . ." and sets out two instances of alleged theft. A complete hearing was held and the testimony and other evidence shows beyond any reasonable doubt that the juvenile was guilty of the thefts alleged. The juvenile judge so held.
For the reasons stated in my dissenting opinion in State in Interest of Aaron, 266 So.2d 726 (1972), I feel that this commitment should be affirmed. I repeat herein as I did in my dissent in Aaron that the majority opinion in this case grants constitutional rights which do not exist. I continue to subscribe to the proposition that the standards in an original juvenile proceeding are not the same as in a revocation hearing. If the substantial cases cited in my aforementioned dissent are correct, then in that event, the juvenile herein cannot complain. The hearing conducted by the juvenile court and the safeguards accorded young Simmons, exceed, in my opinion, the minimum requirements for a revocation hearing.
Regardless of the contents of the letter addressed to the juvenile judge by the probation officer, the testimony at the hearing was more than sufficient to show that the juvenile Simmons violated his probation.
I believe that the action of the juvenile judge was proper and I therefore respectfully dissent from the majority opinion.
NOTES
[1] There is no necessity for the submission of this type of report by probation officers. While LSA-R.S. 13:1574 provides in part that the juvenile judge shall cause an inquiry to be made whenever any person brings the situation of a child to the attention of the court, it is not necessary that the probation officer report in detail all of the evidence and his conclusions to the judge.

If law enforcement authorities have evidence which indicates that a youth has engaged in criminal activity, the probation officer may properly report the accusation to the judge who can authorize the filing of a petition without being informed in detail of the evidence; and even better procedure is for the matter to be handled through the district attorney or other prosecuting official, as also provided by LSA-R.S. 13:1574, without the judge having to consider the question of whether a petition should be filed.