764 So.2d 127 (2000)
BARRIERE CONSTRUCTION CO., INC.
v.
SYSTEMS CONTRACTORS CORPORATION.
No. 99-CA-2869.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 2000.
*128 H. Bruce Shreves, Charles C. Coffee, Herman C. Hoffmann, Jr., Simon, Peragine, Smith & Redfearn, New Orleans, Louisiana, Attorneys for Plaintiff/Appellant.
Douglas A. Kewley, Thomas F. Gardner, Regel L. Bisso, Mary Ann Darr Wegmann, Gardner, Kewley & Bisso, Metairie, Louisiana, Attorneys for Defendant/Appellee.
(Court composed of Judge MOON LANDRIEU, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III).
McKAY, Judge.
The appellant, Barriere Construction Co. Inc., (Barriere) appeals the judgment of the trial court in favor of the appellees, Systems Contractors Corporation (Systems), and Robert O'Brien, denying the appellant's Rule to Enforce Settlement Agreement and Motion for New Trial.
Systems as a general contractor, and the Orleans Parish School Board (OPSB), entered into an agreement for the completion of a public works project at the A.D. Crossman Elementary School. Systems contracted with Barriere as the sub-contractor to work on part of the project. A *129 dispute arose regarding payment to Barriere from Systems for work Barriere did on the project pursuant to its subcontract with Systems. Mr. O'Brien, as Systems' guarantor, and Barriere entered into a settlement agreement (Settlement Agreement 1) in order to resolve the payment dispute. However, further disagreement arose over a clause concerning funds withheld by the OPSB from Systems, which caused Settlement Agreement 1 to fail. Nevertheless, Settlement Agreement 1 was resolved prior to trial and is not an issue in this appeal.
On November 6, 1998, the parties entered into a subsequent settlement agreement (Settlement Agreement 2). In Settlement Agreement 2, Systems agreed to make three equal payments to Barriere for the total of $14, 689.25. However, Systems required that these payments be subject to three conditions: 1) the OPSB will release the $500.00 it is holding because it had not received a written warranty from Barriere; 2) the OPSB will certify that it is holding zero funds because of any defect or deficiency in Barriere's work; 3) the OPSB will provide proof to Systems that it had issued Change Order # 5.
The first two conditions were fulfilled. The third is the subject of this appeal.
On January 6, 1999, Charles C. Coffee, an attorney for Barriere, wrote to Mr. Kewley, an attorney for Systems, informing him that the OPSB had performed all three acts called for by Settlement 2. Forwarded to Mr. Kewley with that letter was a copy of a certified extract of the minutes of the OPSB meeting for July 11, 1994. Additionally, a letter from Mr. Robert Rosenberg, an attorney for the OPSB, stating that the $500.00 held by the OPSB had been removed from the punch list values and credited toward the liquidated damages owed to the OPSB by Systems on the project.[1] Mr. Kewley responded to this correspondence in a letter dated January 11, 1999, stating that Systems would not fulfill its payment obligation, because it was Systems position that the documentation provided by the OPSB did not evidence performance of the three actions specified in the settlement as conditions precedent to Systems performance of its payment obligation. This letter precipitated Barriere's filing of its Rule to Enforce Settlement.
At the opening of the trial on June 15, 1999, counsel stipulated that the first two conditions had been fulfilled and that the only issue remaining was whether or not the OPSB had issued Change Order # 5. It is the appellees' contention that Systems did not owe Barriere for the work contained in Change Order # 5 until the OPSB actually issued the change order, which was never forthcoming. Dr. Kenneth Ducote, the OPSB's Facilities Director was called to testify. He testified that he was involved in the administration of the contract and that he was responsible for the issuance of change orders approved by the OPSB. Additionally, he identified a certified copy of the OPSB's minutes approving Change Order # 5. He further identified a copy of the change order dated July 14, 1994 (three days after the minute entry). This copy of the change order was signed by the architect and dated July 14, 1994. He also testified that the signature on the owner line was illegible and that he had no independent recollection of signing the document. He further testified that in the event of his absence, others in the office were authorized to sign change orders.
On re-direct examination, Dr. Ducote testified that he had his staff search unsuccessfully for the original of Change Order # 5. He further testified that it was the best copy that he could obtain. Systems objected to the introduction of the copy, calling for the original to be produced. *130 The trial court sustained System's objection and ruled against admitting the document into evidence. The trial court did allow the plaintiff to proffer the document. Neither side introduced any additional evidence and the judgment dismissing the plaintiffs motion to enforce settlement was signed on June 18, 1999. The plaintiffs motion for new trial was denied on August 24, 1999.

STANDARD OF REVIEW
We are instructed that before a fact-finder's verdict may be reversed, we must find from the record that a reasonable factual basis does exist for the verdict and that the record establishes the verdict is manifestly wrong. Stobart v. State through the Department of Transportation and Development, 617 So.2d 880 (La.1993). Although we accord great deference to the factfinder, we are cognizant of our constitutional duty to review facts, not merely to decide if we as a reviewing court, would have found the facts differently, but to determine whether the trial court's verdict was manifestly erroneous-clearly wrong based on the evidence, or clearly without evidentiary support. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099 (La.7/5/74), 639 So.2d 216, 221.
In circumstances involving the existence of prejudicial legal errors at the trial level, if an otherwise intact record exists, the appellate court is required to review the record de novo and determine the essential facts pursuant to the correct law by a preponderance of the evidence. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 736; Ferrell v. Fireman's Fund Insurance Co., 94-1252 (La.2/20/95), 650 So.2d 742, 747.
A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Lasha v. Olin Corp., 625 So.2d 1002, 1006 (La.1993). When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining essential material facts de novo. Id. When one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence... Becnel v. Becnel, 98-593 (La. App. 5 Cir. 3/25/99), 732 So.2d 589, writ denied, 99-1165 (La.6/4/99), 744 So.2d 630.
The appellant raises a number of assignments of error, two of which are germane to the issue here for review. The first issue is whether the trial court erred in failing to admit a copy of plaintiffs exhibit # 2, a copy of Change Order # 5. The second issue is whether the plaintiff established by a preponderance of the evidence that the OPSB had issued Change Order # 5.
The plaintiff references Louisiana Code of Evidence Article 901, in pertinent parts: Requirements of authentication or identification:
A. General Provision: The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
B. Illustrations: By way of illustration only, and not by way of limitation, the following are examples of authentication or identification with the requirements of this article.
1. Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.
This authenticity rule relates to whether the subject of an evidentiary offering is what it purports to be. When the evidence is initially offered the trial judge must determine if the item offered is sufficiently authentic so as to warrant its admission. Under paragraph A, the test for admissibility is whether or not there are *131 indicia of genuineness sufficient to support a finding that the item in question is what it purports to be. Authentication is a process whereby something is shown to be what it purports to be. Malloy v. Vanwinkle, 94-2060 (La.App. 4 Cir. 9/28/95), 662 So.2d 96; Newpark Resourses, Inc. v. Marsh & McLennan of Louisiana, Inc., 96-0935 (La.App. 1 Cir. 2/14/97), 691 So.2d 208, writ denied 97-0691 (La.4/25/97), 692 So.2d 1094. Initial authentication decision as to admissibility of evidence is made by a trial judge using the standard of whether there is evidence sufficient to support finding that matter in question is what its proponent claims, and if the trial judge determines that item is sufficiently genuine and its admission could assist the trier of fact, factfinder ultimately determines whether the evidence is genuine. Cross v. Cutter Biological, Div. Of Miles Inc., 94-1477 (La.App. 4 Cir. 5/29/96), 676 So.2d 131, rehearing denied, writ denied 96-2220 (La.1/10/97), 685 So.2d 142.
Despite the standard of Article 901, some Louisiana jurisprudence holds that admissibility is determined by a preponderance of the evidence, a stricter standard than the standard established by Article 901(A) (sufficient to support a finding). This was clarified in McLaughlin v. Fireman's Fund Insurance Co., 582 So.2d 203 (La.App. 1 Cir.), rehearing granted on other grounds, writ denied 586 So.2d 536 (La.1991). The admissibility of evidence is a question of law determined by the court. When factual questions must be decided to determine the admissibility of evidence, the court should follow the preponderance of evidence standard, unless a special rule of law requires a different standard. McLaughlin at 207.
In the instant matter, Mr. Ducote was the designated person authorized to sign change orders after receiving authorization for the change order from the OPSB. He testified that there was an authentic minute entry verifying the OPSB authorized Change Order # 5, on July 11, 1995 and that the exhibit in question, Plaintiff's exhibit # 2 was a copy of a change order. The only thing he could not verify was who had signed the order; he did not remember signing this particular order. It is clear from the OPSB minutes dated July 11, 1995, that the board authorized Change Order # 5. Consistent with this authorization, plaintiff's exhibit # 2 reflects the implementation of that authorization which was three days after the OPSB meeting. There is affixed a legible signature of the architect and a signature, albeit illegible, affixed on the owner line. Clearly, the plaintiff/appellant by a preponderance of the evidence presented gave enough indicia of genuineness to support the proposition that the Change Order # 5 document was what it purported to be, a change order. Pursuant to the agreement in Settlement # 2 all that was necessary to perfect the settlement's third condition was a change order, the fact that the signature is illegible is irrelevant to the fact that it is a signed change order. The evidence is conclusive and supportive of the third condition of Settlement Agreement # 2. Clearly, the appellant has done all that was necessary to satisfy the condition of the settlement and has met its burden of proof.
We find that the trial court's failure to admit plaintiff's exhibit # 2, the July 14, 1995 signed Change Order # 5, which was pursuant to an authorization from the OPSB dated July 11, 1995, was a legal error.
Because the complete record is before us, we review the record de novo and render judgment on the merits, rather than remand the case to the district court.
Clearly the plaintiff proved the document in question was what it purported to be (a signed change order) by its very existence and the undisputed testimony of Dr. Ducote. Accordingly, the judgment of the trial court is reversed and the plaintiffs Rule to Enforce Settlement Agreement is granted.
REVERSED AND RENDERED.
NOTES
[1] This matter is the subject of a separate pending action between Systems and the OPSB to which Barriere is not a party.