PAUL A. BONIN, Judge.
|tD.R. was adjudicated a delinquent child[1] for a violation of La. R.S. 40:966 A(l), distribution of marijuana. The juvenile judge at the hearing, as reflected in the transcript, committed D.R. to the custody of the Department of Public Safety and Corrections for twenty-six months,[2] credit for time served,[3] but the written judgment of disposition provides for a commitment “for a period of time not to exceed twenty-six (26) months to run concurrent ... with credit due [for time served].” The sole issue raised by D.R. on this appeal is that the commitment period expressed by the judgment of disposition constitutes a prohibited “indeterminate sentence”. See La. Ch.C. arts. 330 B and 331 A (providing for appeals in delinquency matters).
Although we conclude that the law does not prohibit indeterminate periods of commitment, subject to maximum terms, in delinquency dispositions, we remand this matter to the juvenile court for a clarification of the disposition as well as of the commitment period so that the resulting written judgment of disposition is 12consonant with the resulting oral disposition as transcribed. Our reasons and our remand instructions follow.
*123 DISCUSSION
“ ‘Felony-grade delinquent act’ means an offense that if committed by an adult, may be punished by death or by imprisonment at hard labor.” La. Ch.C. art. 804(5); see also La. R.S. 14:2 A(4) (defining a felony as “any crime for which an offender may be sentenced to death or imprisonment at hard labor.”) Marijuana is classified as a Schedule I non-narcotic controlled dangerous substance. See La. R.S. 40:964, Schedule I, C(19) and 966 B(l). La. R.S. 40:966 B(3) provides the relevant penalty for distribution of marijuana:
A substance classified in Schedule I which is marijuana, tetrahydrocannabi-nols, or chemical derivatives of tetrahy-drocannabinols, shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars, (emphasis supplied)
Because an adult offender may be sentenced to hard labor upon conviction of distribution of marijuana, it is a felony-grade delinquent act.
La. Ch.C. art. 897 controls the disposition of non-exceptional felony-grade delinquent acts.[4] One option is that “the court may commit the child to the custody of a private or public institution or agency.” La. Ch.C. art. 897 C(l). Another option in this case is that
the court may commit the child to the custody of the Department of Public Safety and Corrections, with or |swithout a recommendation that the child be placed in alternative care facilities through the department’s client placement process, or be referred to appropriate placement resources in the state available through other public or private agencies.
La. Ch.C. art. 897 D.
A judgment of disposition shall be written.[5] See La. Ch.C. art. 903 B. The judgment of disposition shall specify “[t]he maximum duration of the disposition and, if committed to the Department of Public Safety and Corrections, the maximum term of the commitment.” La. Ch.C. art. 903 B(6). La. Ch.C. art. 898 A provides:
No judgment of disposition shall remain in force for a period exceeding the maximum term of imprisonment for the felony forming the basis for the adjudication. The court shall give a child credit for time spent in secure detention prior to imposition of disposition, (emphasis supplied)
However, this maximum does not apply if inter alia “[t]he judgment expires by its own terms, is modified when permitted by law, or is vacated” or “[t]he child reaches age twenty-one.” La. Ch.C. 898 C(4) and (5). Because the disposition expires in twenty-six months, less the period for the credit for the earlier periods of pre-dispo-sition commitment, and, of course, because D.R. is under the age of seventeen, the maximum term of imprisonment of thirty years is not in this case the maximum term of the duration of the judgment of disposition.
We consider, then, whether the juvenile court was required to impose a determinate disposition, or whether the so-called *124 indeterminate disposition with a maximum period is lawful.
LD.R. argues that La. Ch.C. art. 80S incorporates the requirement of the Louisiana Code of Criminal Procedure that a “sentence,” or in the parlance of the Children’s Code, “commitment,” be determinate and prohibits indeterminate sentences, or commitments. Article 803 provides:
The provisions of this Title [on Delinquency] shall govern and regulate delinquency proceedings of courts exercising juvenile jurisdiction. Where procedures are not provided for in this Title, or otherwise by this Code, the court shall proceed in accordance with the Code of Criminal Procedure.
We agree with D.R. that the commitment in this case for a “period of time not to exceed” twenty-six months is an indeterminate period within the contemplation and meaning of La.C.Cr.P. art. 879, which provides that “[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.” Had such a sentence been imposed on an adult in adult court rather than D.R. in juvenile court, the sentence would be illegal under an application of La.C.Cr.P. art. 879. See State v. Williams, 30,090 (La.App.2d Cir.12/10/97), 704 So.2d 403, 404 (finding a sentence “not to exceed” five years illegally indeterminate). Moreover, commentators have noted that
From the 1906 statute forward, Louisiana juvenile statutes like those of all other states authorized the use of indeterminate dispositions until the child reached majority. This concept was the corollary of the principle of individualized treatment and with the exception of the enumerated offenses governed by Article 897.1, persists today.
McGough & Triche, Louisiana Children’s Code Handbook 2009-2010 (West), p. 497.
1 ¿Due, however, to the distinctive characteristics of juvenile proceedings, we do not agree that an indeterminate period of commitment per se renders the disposition illegal, as long as the court specifies a maximum.[6] La. Const, art. 5, § 19 provides for special procedures relevant to juvenile adjudication proceedings. These special procedures necessarily emphasize rehabilitation over retributive punishment: the “hallmark” of the juvenile system has historically been “its disposition, individually tailored to address the needs and abilities of the juvenile in question.” See In re C.B., 97-2783, p. 7-8 (La.3/4/98), 708 So.2d at 395-396. The unique nature of the juvenile court system is “manifested in its noncriminal, or ‘civil’ nature, its focus on rehabilitation and individual treatment rather than retribution, and the state’s role as parens patriae [common guardian of the community] in managing the welfare of the juvenile in state custody.” State ex rel. E.D.C., 39,892, p. 2 (La.App.2d Cir.05/11/05), 903 So.2d 571, 574. One goal of the Children’s Code is to avoid “a disposition which [the juvenile judge] knows is only a dead end for the child.” McGough & Triche, Louisiana Children’s Code Handbook 2009-2010 (West), pp. 479-480, quoting Polier, A View from the Bench 30 (1964).
In the non-exceptional case, the design of the Children’s Code is to encourage the juvenile judge to review, reconsider, and if appropriate modify a judgment of disposition:
*125 Except as provided for in Article 897.1, after the entry of any order of disposition, the court retains the power to modify it, including changing the child’s legal custody, suspending all or part of any order of commitment, discharging conditions of probation, or adding any further condition authorized by Article 897 E Ror 899 B. It may also terminate an order of disposition at any time while it is still in force.
La. Ch.C. art. 909.
This judicial ability to modify the length of a lawful commitment or the conditions of commitment at any time after the initial judgment of disposition is not as wide-ranging as in the Code of Criminal Procedure applicable to adult offenders. “Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of the execution of the sentence.” La.C.Cr.P. art. 881 A (emphasis supplied). Only felony sentences without hard labor and misdemeanor sentences may be modified after commencement of the execution of the sentence. See La.C.Cr.P. art. 881 B. Additionally, in an adult felony case, “within thirty days following the imposition of sentence ... the state or the defendant may make or file a motion to reconsider sentence.” La.C.Cr.P. art. 881.1. The Louisiana Supreme Court has noted that the juvenile motion under La. Ch.C. art. 909 is the equivalent of the adult motion to reconsider sentence under La.C.Cr.P. art. 881.1, but importantly noting that:
The sole difference between the two motions is that the juvenile may file his motion to modify the judgment of disposition at any time while the disposition is in force, whereas an adult offender’s motion to reconsider sentence must be filed within 30 days of original sentencing unless the trial court enlarges that time period.
State v. J.R.S.C., 00-2108 (La.6/1/01), 788 So.2d 424, 424-425. Considering this, the foregoing discussion of the applicable provisions of the Children’s Code, and the juvenile justice system’s focus on rehabilitation and individualized treatment, the need for a determinate sentence is neither present nor desirable in juvenile 17dispositions. We conclude that indeterminate sentencing for juveniles, unlike indeterminate sentencing for adults, is lawful.
REMAND INSTRUCTIONS
In this matter, as noted earlier, there is, however, a discrepancy between the written judgment of disposition which provides for an indeterminate but lawful commitment period and the transcript of the disposition hearing which provides for a determinate commitment period. Because D.R. has requested remand for clarification and because La. Ch.C. art. 909 contemplates reconsideration of a disposition by the juvenile court, we remand the matter for a new disposition hearing.
We instruct the court to which this remand is directed to conduct a contradictory hearing pursuant to Article 909 within thirty days of the date of the finality of this judgment. At the conclusion of the hearing, the court shall either clarify the earlier disposition or modify the disposition. In either event, the court shall take care that the oral and written dispositions and resulting period of commitment are consonant with each other.
DECREE
The judgment of disposition is vacated and this matter is remanded to the juve *126 nile court for further proceedings consistent with our ruling.
VACATED AND REMANDED.

. See La. Ch.C. art. 804(1) and (3).

. The transcript actually reads "two years two months.”

.The commitment was to run "concurrent” with two others. The periods of time served pre-disposition judgment are July 27, 2009 through August 5, 2009 and October 14, 2009 through January 6, 2010.

. The exceptional felony-grade delinquent acts, for which the terms of commitment are not subject to modification, are first and second degree murder, aggravated rape, aggravated kidnapping, and armed robbery. See La. Ch.C. art. 897.1.

. “An extract of the minutes of court specifying the information required by Paragraph B of this Article and signed by the court shall be considered a written judgment of disposition.” La. Ch.C. art. 903 D.

. For juvenile offenders placed in the custody of the State, the disposition "must specify the maximum length of the term of commitment.” State in the Interest of S.D., 01-670 (La.App. 5 Cir. 1/29/02), 807 So.2d 1138, 1146.