PAUL A. BONIN, Judge.
11 This is third of three appeals to this court by the same child, D.R.[1]
D.R. was adjudicated a delinquent child[2] for a violation of La. R.S. 14:95 E, possession of a firearm while in possession of a controlled dangerous substance. The juvenile judge in the judgment of disposition committed D.R. to the custody of the Department of Public Safety and Corrections for two years two months, credit for time served.[3] D.R. appeals his adjudication as a delinquent child on the grounds that the evidence is insufficient to sustain the adjudication, that the trial judge failed to apply the relevant law, and that the trial judge went outside the evidentiary record in order to find that the State had proven its charge against D.R. beyond a reasonable doubt. D.R. also appeals the judgment of disposition committing him for a period exceeding the maximum period allowed by law. See La. Ch.C. arts. 380 B and 331 A.
Because we conclude that the juvenile judge committed legal error in considering a fact not introduced into evidence and failed to properly instruct himself on the law when requested by D.R., we reverse the adjudication and |2remand the matter for a new trial. This result pretermits a consideration of the assignment of error *847 pertaining to insufficiency of evidence as well as a consideration of the assignment of error pertaining to an indeterminate period of commitment.[4] We explain our reasoning below.
I
La. R.S. 14:95 E provides that possession by an adult of any firearm while in possession of a controlled dangerous substance shall be punished at hard labor. ‘“Felony-grade delinquent act’ means an offense that if committed by an adult, may be punished by death or by imprisonment at hard labor.” La. Ch.C. art. 804(5); see also La. R.S. 14:2 A(4) (defining a felony as “any crime for which an offender may be sentenced to death or imprisonment at hard labor.”) Marijuana is classified as a Schedule I non-narcotic controlled dangerous substance. See La. R.S. 40:964, Schedule I, C(19). The State must prove all of the essential elements of § 95 E beyond a reasonable doubt in order to adjudicate D.R. delinquent. See In re Winship, 397 U.S. 358, 368, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); see also La. Ch.C. art. 883.
For the court to adjudicate D.R. a delinquent for violating La. R.S. 14:95 E, the prosecution must prove beyond a reasonable doubt that D.R. “(1) knowingly or intentionally possessed any firearm or other instrumentality customarily used o[r] intended for probable use as a dangerous weapon, while at the same time (2) knowingly or intentionally possessing a controlled dangerous substance.” State v. Thompson, 06-0474, p. 2 (La.App. 3 Cir. 11/8/06), 943 So.2d 621, 623. “Possession” under La. 14:95 E includes both actual and constructive possession. State v. Blanchard, 99-3439, p. 6 (La.1/18/01), 776 So.2d 1165, 1170.
IgD.R.’s great aunt and legal guardian, Sadie Thomas, had become concerned about her nephew after observing one of his friends remove a flat-screen television from her backyard. She suspected that D.R. was harboring contraband in his bedroom of their home. Ms. Thomas went to the police station to request that D.R.’s room be searched. While D.R. was attending school, with Ms. Thomas’ written consent, detectives searched D.R.’s bedroom. The detectives found a cigar box containing five bags of marijuana on one dresser and a loaded .22 caliber handgun on another dresser. The uncontroverted testimony was that the bedroom was used exclusively by D.R.
The juvenile judge adjudicated D.R. a delinquent for the possession of a firearm and narcotics.
II
In this part we turn to a consideration of the two legal errors which resulted in D.R.’s adjudication and require reversal and remand.
A
At the close of the evidence but before the adjudication, the defense presented argument requesting the judge to consider that D.R.’s absence from the home at the time of the search precluded a finding that he was in constructive possession of the marijuana and the firearm, pursuant to State v. Blanchard, supra. The Louisiana Supreme Court in Blanchard set forth the standard for the element of “possession” under La. R.S. 14:95 E:
*848 [W]e find that under La. R.S. 14:95(E), when it cannot be established that the defendant was using or in actual possession of a firearm or that a firearm was within his or her immediate control, the state must prove more tha[n] mere possession of the firearm. It must prove some connection between the firearm possession and the drug offense.
Blanchard, 776 So.2d at 1173. Accordingly, the prosecution must establish a “nexus” between the firearm and the drug offense in order to prove the constructive possession of the marijuana and firearm. See Blanchard, 776 So.2d at 1173. This connection may be established by evidence of (1) the type of firearm involved; (2) the type of controlled dangerous substance involved; (3) the quantity of drugs involved; (4) the proximity of the firearm to the drugs; (5) whether the firearm was loaded; and (6) any other relevant evidence. Id. The Louisiana Supreme Court reversed the defendant’s conviction because the jury was not properly instructed that the state must prove some connection between the firearm and the marijuana found in his home. Blanchard, 776 So.2d at 1174.
In this case, the defense argued to the juvenile judge that the prosecution had not established constructive possession under the Blanchard standard. The judge denied that Blanchard applied due to factual differences between the cases, noting that Blanchard was an adult offender who had been arrested prior to the search of his home. The juvenile judge refused to consider the applicable legal standard before adjudicating D.R. delinquent, and he, accordingly, did not determine one way or the other whether the prosecution had established a nexus between the marijuana and the firearm sufficient to support a finding that D.R. was in constructive possession of both items.
Juvenile delinquency adjudications are tried before a judge only, see La. Ch.C. art. 882, but the parties may request that the judge instruct himself as to the applicable legal principles in the matter. State v. Reeves, 342 So.2d 605, 608 (La.1977); See also Jackson v. Virginia, 443 U.S. 307, 316-317, n. 8, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (noting that the trier of fact was a judge rather than a jury and that the judge deemed |fihimself “properly instructed.”). “A judge in a bench trial is not required to charge himself on the applicable law, since he is presumed to know it, unless one of the parties timely requests that he do so and provides him with the requested written charges.” State v. Pizzalato, 93-1415 (LaApp. 1 Cir. 10/7/94), 644 So.2d 712, 715 (emphasis added). If the judge agrees to instruct himself, the charges need not be written. State v. Dominguez, 230 La. 371, 88 So.2d 660, 663 (1956).
In a bench trial, the method of preserving an issue of law for appellate review is to “request the judge charge himself before the verdict as to the disputed issue of law, La.C.Cr.P. art. 781, and to object if it is incorrect, La.C.Cr.P. art. 841, or if the trial court refuses to give a special charge correctly stating the law, La. C.Cr.P. art. 807.” Reeves, 342 So.2d at 608 (citations omitted). The Louisiana Supreme Court has held that, in the absence of such procedures, “the question of whether the trial judge decided the defendant’s guilt on the basis of an incorrect appreciation of the applicable legal principles is not determinable.” Reeves, supra; see also State v. Strickland, 398 So.2d 1062, 1066 (La.1981).
Here, the defense orally requested that the trial judge apply the proper legal principles in finding a violation of R.S. 14:95 E, pursuant to State v. Blanchard. The trial judge refused, erroneously citing factual *849 differences between the cases. In State v. Franques, 156 La. 462, 100 So. 682, 684 (1924), the Louisiana Supreme Court set forth guidance on this issue, stating:
But in a criminal case, where a requested charge is refused by a trial judge on the ground that it is not applicable to the facts, and the facts clearly show that the charge is applicable, the ruling of the trial judge is not only erroneous, but it is highly prejudicial to the accused, and the question of the applicability of the charge to the facts becomes a question of law, in the decision of which we will review the facts for the sole purpose of determining such question.
|rrA. defendant’s right to submit special written charges to the trial judge in a bench trial serves the purpose of enabling an accused person to “have the propositions of law reviewed by the appellate court in case of an adverse ruling by the trial judge.” State v. Pilcher, 161 La. 135, 108 So. 312, 313 (1926).
Although the defense did not utilize any of the preferred practices for preserving such an error, the juvenile judge clearly failed to grasp the proper legal principles in this case when he disclaimed Blanchard’s pertinence outright and rejected its application to these facts. On that account, the finder of fact in this case rendered judgment without applying the relevant law and determining the facts thereunder. The juvenile judge thus failed to consider whether the prosecution had provided facts and evidence to establish a “nexus” between the marijuana and the gun sufficient to meet its burden under La. R.S. 14:95 E when possession is only constructive and not actual.
B
We now explain how the juvenile judge erred in considering as evidence the fact that D.R. had admitted, in a separate matter before the same judge, that he was a marijuana smoker. At the close of D.R.’s adjudication hearing in this matter, as part of his reasons for adjudicating D.R. delinquent, the juvenile judge stated: “I’m going to note for Defense that [D.R.] did in the earlier case admit to having smoked marijuana beginning in about March of '09 and this does include a time period for which he has admitted to being a marijuana smoker.” This reference to D.R.’s admission in another case is the only explicit finding by the trial judge on the issue of use or possession. As noted above, D.R. had multiple cases, which were not consolidated, before the same judge. The facts of D.R.’s prior ^adjudication were not in evidence in the present matter. See La. C.E. art. 404 B(l). The adjudication transcript reveals that, instead of evaluating the facts in evidence, the judge seems to have used D.R.’s statements in an unrelated case to find that he was in constructive possession of marijuana. The juvenile judge improperly considered facts not in evidence to inform his finding of the element of possession.
We first note that the scope of our review in juvenile delinquency matters extends to both the law and the facts. State in Interest of Batiste, 367 So.2d 784, 788 (La.1979); see also State in the Interest of D.R., 10-0405 (La.App. 4 Cir. 10/13/10), 50 So.2d 927 (for a complete discussion of the standard of review in juvenile delinquency cases). We also note, generally, that a finder of fact cannot consider evidence outside the record in making its findings. Nail v. Clavier, 99-0588, p. 6 (La.App. 3 Cir. 11/10/99), 745 So.2d 1221, 1224; Burdis v. Lafourche Parish Police Jury, 618 So.2d 971, 976 (La.App. 1st Cir.1993). Additionally, Article 881 A of the Children’s Code states that “The adjudication hearing in delinquency proceedings shall be conducted according to *850 the provisions of the Code of Evidence applicable to criminal cases.”
The adjudication of delinquency for an offense, which may result in deprivation of a youth’s liberty, “must be based on admissible evidence constituting proof beyond a reasonable doubt.” State in the Interest of Simmons, 299 So.2d 906, 908 (La.App. 3d Cir.1974) (citations omitted) (emphasis added). In Simmons, the appellate court reversed a delinquency adjudication in which a report containing hearsay, opinion, and otherwise inadmissible evidence appeared in the record. Simmons, 299 So.2d at 908-909. Even though the appellate court noted that the juvenile judge “did his utmost to avoid consideration of the information in this report in considering the guilt or innocence of appellant,” the Iscourt nonetheless found its receipt by the trier of fact to be reversible error. Simmons, 299 So.2d at 909. “Absent any contrary indication we must conclude that whatever is in the record was considered by the trial judge,” the court stated. Id. “Since the report contains inadmissible and prejudicial evidence, th[]e proceeding is stricken with nullity and the commitment must be set aside.” Id.
This principle of controlling admissible evidence protects a criminal defendant’s due process rights, whether trial is before a judge or jury. “It is essential that all facts considered by the jury are produced in the courtroom with full protection of defendant’s rights to confrontation and due process.” State v. Sinegal, 393 So.2d 684, 686 (La.1981). “A juror is expected to draw upon his general knowledge and experience in deciding the case ... However, he should not consider facts relating to the case unless introduced at trial under constitutional and legal standards.” State v. Graham, 422 So.2d 123, 132 (La.1982) (citing to Sinegal, supra).
Here, the trial judge on his own imported into this case the fact that D.R. had, in a separate matter, admitted to marijuana use. The cases had not been consolidated, and in this case there was no testimony or otherwise admissible evidence to establish that fact. The trial judge used D.R.’s admission as a basis for finding that he was in knowing possession of the marijuana-a necessary element of the charged offense.
C
We have the constitutional authority in a delinquency proceeding to review both facts and law, and, when the factfin-der has committed legal error which contributes to and interdicts its decision, we have the authority to review the facts de novo:
laA legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. When such a prejudicial error of law skews the trial court’s finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo.
Lasha v. Olin Corp., 625 So.2d 1002, 1006 (La.1993) (emphasis added). Accordingly, when one or more legal errors of the trial court interdict the fact-finding process, the manifest error standard is no longer applicable, and if the record is otherwise complete, our court should make its own independent review of the record and determine a preponderance of the evidence de novo. Barriere Constr. Co., Inc., v. Systems Contractors Corp., 99-2869, pp. 4-5 (La.App. 4 Cir. 5/17/00), 764 So.2d 127, 130.
However, we decline to engage in a de novo review. While the juvenile’s judge’s *851 refusal to consider the proper legal standard precluded the fact-intensive inquiry that Blanchard requires, we find that remand to the juvenile court is necessary for two reasons. First, whereas in a juvenile delinquency proceeding the juvenile judge must adjudicate the juvenile delinquent beyond a reasonable doubt, the cases encouraging de novo review on appeal instruct the appellate court to “determine a preponderance of the evidence.” See Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95), 650 So.2d 742, 747; McLean v. Hunter, 495 So.2d 1298 (La.1986); Barriere, supra. Second, the trial judge failed to determine whether the prosecution had sufficiently developed the facts necessary to adjudicate D.R. delinquent beyond a reasonable doubt, thus depriving our court of the ability to make a determination either way. See Jones v. Black, 95-2530 (La.6/28/96), 676 So.2d 1067 (remand is necessary where the weight of the evidence]^ so nearly equal that a first-hand view of the witnesses is necessary to a fair resolution of the evidence). Moreover, the legal errors here were neither caused by nor contributed to by the prosecution. The prosecution did not object to D.R.’s request that the juvenile judge apply State v. Blanchard and did not ask the juvenile judge to consider evidence which had not been introduced.
Accordingly, we reverse the adjudication of D.R. as a delinquent, but remand the matter to the juvenile court for further proceedings. Under these circumstances, allowing a properly instructed factfinder, who is considering nothing but the evidence before it, is a more prudent and likely more reliable course of action.
REMAND INSTRUCTIONS
On remand, if the prosecution elects to re-try D.R., the juvenile judge shall charge himself with the following principle of law:
Under La. R.S. 14:95 E, when it cannot be established that the defendant was using or in actual possession of a firearm or that a firearm was within his immediate control, the state must prove more than mere possession of the firearm. It must prove some connection or ‘nexus’ between the firearm possession and the drug offense. This connection might be established by the following evidence: (1) the type of firearm involved; (2) the type of controlled dangerous substance involved; (8) the quantity of drugs involved; (4) the proximity of the firearm to the drugs; (5) whether the firearm is loaded; and (6) any other relevant evidence.

Blanchard, supra.

InDECREE
Accordingly, for the above reasons, we reverse the adjudication and disposition and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED
LOMBARD, J., Concurs.
Iil concur in the results.

. The other two appeals are State in the Interest of D.R., 10-0405 (La.App. 4 Cir. 10/13/10), 50 So.3d 927, and State in the Interest of D.R., 10-0406 (La.App.4 Cir. 10/20/10), 51 So.3d 121.

. See La. Ch.C. art. 804(1) and (3).

.The commitment was to run "concurrent” with two others. The periods of time served pre-disposition judgment are July 27, 2009 through August 5, 2009 and October 14, 2009 through January 6, 2010.

. We do, however, note that the identical issue relative to the commitment was presented and decided in D.R.’s companion appeal: State in the Interest of D.R., 10-0406 (La.App. 4 Cir. 10/13/10), 51 So.3d 121.